Personnel Commission
No. 80-393

## APPEAL OF CZESLAW PAWLUS
### (New Hampshire Personnel Commission)

April 3, 1981

*Myers & Laufer*, of Concord (*Terrie L. Harman* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Edward N. Damon*, assistant attorney general, on the brief and orally), for the defendants.

PER CURIAM. This is an appeal from a decision of the New Hampshire Personnel Commission upholding the termination of the plaintiff's employment during an extension of his probationary

period. The issue is whether the commission's decision is contrary to law.

The plaintiff was hired as a chemist by the New Hampshire Water Supply and Pollution Control Commission beginning March 3, 1980, for a probationary period of six months. Prior to the end of the six-month period, the employer requested and received an extension of the probationary period for another six months as authorized by the applicable personnel procedures. RULES OF THE DEPARTMENT OF PERSONNEL Rule II, section 23A. The employer's stated reason for requesting the extension was that it had been unable to fully determine the plaintiff's "potential for permanent service."

On September 19, 1980, the plaintiff's employer informed him in writing that during the early part of his employment, it had become apparent "that there was an incompatibility between us," that "the difficulties still remained" despite efforts through meetings to resolve the incompatibility, and that his employment was therefore terminated effective October 10, 1980. The plaintiff's request that the extension of his probationary period be revoked was denied on October 3, 1980.

■ Rule II, section 23C permits removal of an employee at any time during his probationary period. The plaintiff argues, however, that the extension of an employee's probationary period for reasons unrelated to the employee's work performance is unlawful and unreasonable and that dismissal during such an extension is not permitted. We disagree.

■ The plaintiff was notified of the extension of his period of probation and raised no objection. The obvious purpose of an extension is to allow the employer more time to decide whether the employee should be retained as a permanent employee. This was the reason given for the extension in this case and the extension was valid under Rule II, section 23A. The plaintiff's termination during the extension was lawful under the personnel rules, and there is no protected property or liberty interest involved. *See Colburn v. Personnel Commission*, 118 N.H. 60, 64, 382 A.2d 907, 909 (1978); *Clark v. Manchester*, 113 N.H. 270, 273–75, 305 A.2d 668, 671–72 (1973). Of course, the dismissal of a probationary employee "must not be arbitrary, illegal, capricious or made in bad faith. . . ." *Clark v. Manchester, supra* at 275, 305 A.2d at 672. The personnel commission, however, did not find that the plaintiff's termination was of such a character, and the evidence did not compel such a finding. We cannot say that the personnel commission's decision was either unjust or unreasonable. Therefore that decision

must be upheld. *Colburn v. Personnel Commission*, 118 N.H. at 65, 382 A.2d at 910; RSA 541:13.

*Appeal dismissed.*