Personnel Commission
No. 81-416

## APPEAL OF WILLIAM H. OUDENS
(New Hampshire Personnel Commission)

July 7, 1982

*Law Offices of Stanton E. Tefft*, of Bedford (*Stanton E. Tefft* on the brief), by brief for the plaintiff.

*Gregory H. Smith*, attorney general (*E. Tupper Kinder*, assistant attorney general, and *Eve H. Oyer*, attorney, on the brief), by brief for the New Hampshire Water Supply and Pollution Control Commission.

BATCHELDER, J.    This appeal arises from the New Hampshire Personnel Commission's (personnel commission) refusal to grant a hearing to an employee who had been fired before the expiration of his probationary period of employment with the State.

On February 13, 1981, the plaintiff began working for the State Diagnostic Laboratories. Because of budget cuts, he was assigned on July 16, 1981, to a lower classified position in the New Hampshire Water Supply and Pollution Control Commission. On August 12, 1981, one day before his six-months' probationary period was to end, he was terminated.

■■    Although a probationary employee ordinarily has no recourse when he is discharged, because a governmental unit has almost unfettered power to discharge a probationary employee, *Clark v. Manchester*, 113 N.H. 270, 274–75, 305 A.2d 668, 671 (1973), he may not be discharged arbitrarily, illegally, or in bad

faith. *Appeal of Czeslaw Pawlus*, 121 N.H. 273, 274, 428 A.2d 487, 488 (1981); *Clark v. Manchester*, 113 N.H. at 275, 305 A.2d at 672. The personnel commission misreads *Pawlus* when it argues that *Pawlus* prevents the personnel commission from hearing appeals from probationary employees. Rather, the personnel commission is uniquely suited to hear these claims. *See Appeal of Hildegard Tamm*, 122 N.H. 646, 647, 448 A.2d 1373, 1373 (1982).

The personnel commission refused to consider this case because it erroneously believed that it had no jurisdiction. We remand this case for reconsideration. Of course, only if the employee can convince the commission that his termination was "arbitrary, illegal, capricious or made in bad faith" under the *Pawlus* test could he prevail.

*Remanded.*

All concurred.