Personnel Commission
No. 81-465

## APPEAL OF HILDEGARD TAMM
(New Hampshire Personnel Commission)

July 7, 1982

*Bruce E. Friedman*, Franklin Pierce Law Center Family and Housing Law Clinic, by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Peter C. Scott*, assistant attorney general, on the brief and orally), for the defendant.

PER CURIAM. The State employee in this case was employed by the New Hampshire Public Utilities Commission in a classified, full-time, permanent position beginning March 9, 1981. She alleges that on August 6, within her probationary period, she was told she was to be terminated for being "overqualified." No hearing was held before the New Hampshire Personnel Commission because it concluded that our decision in *Appeal of Czeslaw Pawlus*, 121 N.H. 273, 428 A.2d 487 (1981), precluded such a hearing. The plaintiff then appealed to this court, alleging that "overqualification" is not a proper ground for termination.

Nothing in the rules of the New Hampshire Department of Personnel indicates that a probationary employee may be dismissed for being "overqualified." The plaintiff should be given an opportunity to prove her allegation because we cannot say as a matter of law that her dismissal was or was not "arbitrary, illegal, capricious or made in bad faith." *See Appeal of Czeslaw Pawlus*, 121 N.H. at 274, 428 A.2d at 488; *Clark v. Manchester*, 113 N.H. 270, 275, 305 A.2d 668, 672 (1973).

*Appeal of Czeslaw Pawlus* does not prevent the personnel commission from hearing appeals brought by probationary employees. *Appeal of Oudens*, 122 N.H. 642, 643, 448 A.2d 1374 (1982). Rather, we conclude that the personnel commission is the appropriate agency to consider the merits of the plaintiff's allegation; the commission has expertise in this area, and the dispute concerns its own rules. *See* Rules of the Department of Personnel, Rules I & II § 23 (probationary appointment and dismissal). Nothing in RSA 98:15 prevents the personnel commission from serving as the forum when a probationary employee claims she was wrongfully terminated. Of course, this court will review the commission's decision only by way of a petition for a writ of certiorari. *See Melton v. Personnel Comm'n*, 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979). We find no merit in plaintiff's other arguments regarding estoppel and reliance.

*Remanded for a hearing on the merits.*