Personnel Commission
No. 83-422

APPEAL OF WILLIAM H. OUDENS
(New Hampshire Personnel Commission)

August 10, 1984

*Stanton E. Tefft*, of Bedford, by brief and orally, for William H. Oudens.

*Gregory H. Smith*, attorney general (*Eve H. Oyer*, assistant attorney general, on the brief and orally), for the State.

BROCK, J.   This case originated when William H. Oudens was discharged from his employment with the New Hampshire Water Supply and Pollution Control Commission (WSPCC) on August 12, 1981. After extensive litigation, including a previous appeal to this court (*Appeal of Oudens*, 122 N.H. 642, 448 A.2d 1374 (1982)), the New Hampshire Personnel Commission ordered the WSPCC to reinstate Mr. Oudens with full back pay and benefits. This appeal

concerns the method by which the WSPCC computed the amount of a check made payable to Mr. Oudens and dated July 28, 1983.

The check purported to represent the pay Mr. Oudens would have earned between August 12, 1981 and June 30, 1983. The check stub indicated correctly that the gross amount of such pay was $23,460.30. From this amount, the WSPCC deducted $4,638.40 for federal income tax, and $1,571.84 for FICA contributions. It then deducted an additional $6,054. This was the amount of unemployment compensation received by Mr. Oudens following his discharge.

The WSPCC was obligated by law to pay this last amount to the unemployment compensation fund, in conjunction with the award of back pay to Mr. Oudens. RSA 282-A:14, III(b) (Supp. 1983). Mr. Oudens argues that the statute should not be read to permit the WSPCC to recover this money from him, since there is no express reference to that possibility in the statute itself.

Mr. Oudens concedes that in *Foote v. State Personnel Commission*, 118 N.H. 640, 392 A.2d 156 (1978), we held that "whenever a wrongfully discharged State employee is reinstated and is awarded back pay, [his] award is to be reduced by the amount of unemployment compensation, if any, [he] received while wrongfully not employed by the State." *Id.* at 645, 392 A.2d at 160. He argues, however, that the *Foote* rule was repealed by the passage of RSA 282-A:14, III(b) (Supp. 1983).

This argument is not supported by the legislative history. The provision in question was first enacted by Laws 1979, 348:3, as an amendment to the former RSA chapter 282. The Senate Insurance Committee recommended passage of the bill (HB 757), evidently on the basis of an analysis by the New Hampshire Department of Employment Security, which reads in pertinent part:

> "Section 3 will require an Employer to make restitution to the unemployment compensation fund of benefits received by a former employee who is awarded back pay either through arbitration or a court award. Under the present statute, employers have in many cases been allowed to deduct from the back pay award the amount of unemployment benefits received by the aggrieved employees, thus giving the employer a windfall."

Department of Employment Security, Analysis of H.B. 757, as amended, submitted to House Appropriations Committee (May 4, 1979).

The statute, applied in conjunction with the *Foote* rule, eliminates the employer's windfall. On the other hand, if the statute is construed as repealing the *Foote* rule, it penalizes the employer

and gives the employee a windfall, by permitting him to collect both unemployment benefits *and* full back pay for the same period of time. We will not presume that the legislature intended such an illogical result, or one so opposed to the evident purpose of the statute. *State v. Kay*, 115 N.H. 696, 698–99, 350 A.2d 336, 338 (1975). Accordingly, we hold that the rule announced in *Foote* retained its efficacy after passage of the statute, and that the deduction of $6,054 from Mr. Oudens' award was proper.

Mr. Oudens argues that, in the practical circumstances of this case, he would receive no windfall because his attorney's fees, plus his increased taxes on the back pay award, exceed $6,054. The first part of this argument is without merit. The personnel commission denied Mr. Oudens' request for an award of attorney's fees, and he failed either to seek rehearing or to appeal that portion of the decision. He may not, therefore, raise the issue directly or indirectly before this court. RSA 541:4.

■ On the question of taxes, Mr. Oudens' argument has merit only to the extent that he may have been subjected to double taxation. Unemployment benefits have been taxable under the Internal Revenue Code since 1978. 26 U.S.C.A. § 85. We conclude that, absent an express statutory provision to the contrary, a corresponding amount deducted from a back pay award is not also subject to income tax. *See United States v. Supplee-Biddle Co.*, 265 U.S. 189, 195–96 (1924); *cf.* Rev. Rul. 56-631, 1956-2 C.B. 25 (where unemployment benefits were *not* taxable, equal amount deducted from back pay award *was* subject to tax).

■ It was accordingly improper for the WSPCC to deduct federal taxes from Mr. Oudens' award *before* deducting the $6,054. Since only the reduced award was taxable as income, the reduction for unemployment benefits should have preceded any calculation of taxes to be withheld. The WSPCC's records, including any reports submitted to the Internal Revenue Service regarding Mr. Oudens' award, should be amended to reflect the correct procedure. We remand this case to the personnel commission for the sole purpose of its taking the corrective actions required hereby.

Any overpayment of taxes by Mr. Oudens may be recouped through the filing of an amended return. Because the WSPCC's error produced no other injury to Mr. Oudens, and no benefit to itself, no further modification of the commission's order is necessary.

*Affirmed as modified; remanded.*

All concurred.