Personnel Appeals Board
No. 89-139

APPEAL OF CAROL HIGGINS–BRODERSEN
AND WILLIAM MCCANN
(New Hampshire Personnel Appeals Board)

August 27, 1990

*Michael C. Reynolds*, general counsel, State Employee's Association of New Hampshire, Inc., of Concord, by brief for the petitioners.

*John P. Arnold*, attorney general (*David S. Peck*, assistant attorney general, on the brief), by brief for the State.

BROCK, C.J.  This appeal from a ruling by the New Hampshire Personnel Appeals Board (hereinafter "the Board") questions whether the Board has jurisdiction to rule upon the claims filed by two State employees, who, while currently employed full-time, are seeking compensation for unused annual leave accumulated while previously employed part-time. For the reasons which follow, we affirm.

The petitioner Carol Higgins-Brodersen started working for the New Hampshire Liquor Commission (hereinafter "the Commission") as a part-time employee on August 3, 1983, accepting a full-time position effective August 1, 1986. The petitioner William McCann is also employed by the Commission, having started as a part-time employee on November 16, 1984, and become full-time on August 29, 1986.

The legislature has provided that, under certain circumstances, part-time State employees may be compensated for annual leave.

> "Working on a Part-Time Basis. An individual working on a part-time basis shall not be eligible to utilize either sick or annual leave but at each anniversary of employment should the total working time during the preceding year amount to

the equivalent of six months or more he shall be paid all accumulated annual leave not in excess of those allowed by Per 307.03 of the rules of the division of personnel."

RSA 98-A:6 (Supp. 1989). Both petitioners worked an equivalent of six months or more during the period beginning on his or her last service anniversary as a part-time employee and ending on the date on which his or her full-time employment began. Based upon RSA 98-A:6 (Supp. 1989), they applied to the Commission, after accepting full-time employment, to be compensated for annual leave accumulated during the partial year of part-time employment. The Commission denied their requests, relying upon an opinion issued by the attorney general's office which concluded that "if [a] part-time employee . . . accepts full-time employment prior to the completion of an anniversary year, but after the accumulation of the hours required for payment, the employee may not be compensated for those hours. . . ." The State Employee's Association of New Hampshire, Inc. (hereinafter "the SEA"), on behalf of the petitioners, then appealed the Commission's decision to the Board.

Upon notice of the appeal, the Board directed the petitioners to provide more information, including "the 'Rule' which the appellants allege to have been applied in denying them payment as described in RSA 98-A:6. . . ." In response, the SEA informed the Board that "[t]he appellants are not sure what, if any, 'Rule' has been applied in denying them payment as described in RSA 98-A:6." In addition, the SEA volunteered that "[t]he appeal was brought in accordance with RSA 21-I:58 which allows an appeal to the [Board] by any permanent employee who is 'affected by *any* action.'" (Emphasis in original.)

The Board dismissed the appeal, informing the petitioners by notice dated July 22, 1988, that their appeal was not within the subject matter jurisdiction of the Board. The Board stated that "the actions at issue relate to the employees solely in their capacity as part-time employees." While noting that RSA 21-I:58 permits appeals by permanent employees, the Board ruled that it lacked jurisdiction because the petitioners' full-time status at the time of the appeal was "merely fortuitous."

The SEA then filed a motion for reconsideration on behalf of the petitioners, reaffirming its assertion that jurisdictional requirements were satisfied under RSA 21-I:58. Further, the SEA argued that, even if RSA 21-I:58 did not apply, jurisdiction was justified under RSA 21-I:46, which authorizes the Board to hear, with certain exceptions, "appeals of decisions arising out of application of the

rules adopted by the director of personnel." *See* RSA 21-I:46, I. The SEA noted that one of these rules, "Per 307.03", is specifically referenced in the text of RSA 98-A:6 (Supp. 1989), the statute on which the petitioners' claims are based. N.H. CODE OF ADMIN. RULES, Per 307.03. The Board denied the motion, finding no grounds for reconsideration.

On appeal to this court, the petitioners allege that the Board erred in failing to acknowledge jurisdiction over their request for review of the Commission's decision. First, they argue that, pursuant to RSA 21-I:58, they were properly subject to the jurisdiction of the Board as permanent employees at the time of the appeal. Second, they argue that, pursuant to RSA 21-I:46, the jurisdiction of the Board would extend to them, even as part-time employees, under the circumstances of this case.

We recognize that both of the petitioners' claims are founded upon interpretations of relevant statutes. Where possible, these statutes will be construed according to their plain meanings, *Appeal of Westwick*, 130 N.H. 618, 621, 546 A.2d 1051, 1053 (1988), and in the context of the statutory schemes of which they are a part. *See Theresa S. v. Sup't of YDC*, 126 N.H. 53, 55, 489 A.2d 592, 593 (1985).

RSA 21-I:46 sets forth the powers and duties of the Board, requiring the Board, with certain specified exceptions, to "hear and decide appeals as provided by RSA 21-I:57 and 21-I:58 and appeals arising out of the application of rules adopted by the director of personnel. . . ." RSA 21-I:57 permits employees to appeal to the Board if affected by the allocation of a position in the State classification plan. *See* RSA 21-I:57. RSA 21-I:58 grants the right of appeal to permanent employees who are "affected by any application of the personnel rules." *See* RSA 21-I:58.

We first address the petitioners' claim that RSA 21-I:58 provides the Board with jurisdiction over their appeal of the Commission's decision. In interpreting this statute, the parties arrive at different conclusions. The petitioners argue that they need only show that they were *affected* by the application of a personnel rule while they were permanent employees. The State responds, arguing that the personnel rule must have been *applied* to affect the petitioners while they held their permanent status. In other words, the parties disagree as to whether the petitioners must show the contemporaneous application of the rule or simply the contemporaneous effect of that application, together with permanent employment status, in order to justify jurisdiction.

In reviewing RSA 21-I:58, it is clear to us that the legislature intended to confer upon State employees a specific right of appeal to the Board based upon permanent status. Permanent employees have completed a working-test period and have been recommended for permanent appointment by the proper authority. See N.H. CODE OF ADMIN. RULES, Per 101.26. The term "permanent" reflects a degree of mutual commitment between employer and employee and an expectation that their relationship will be long-term. It is quite reasonable for the legislature to accord employees holding permanent status greater opportunity to challenge personnel decisions affecting them.

It is also reasonable to conclude that the legislature did not intend RSA 21-I:58 to confer upon such employees a right to challenge *all* personnel decisions, but only ones involving the application of a personnel rule which affects them while they hold their permanent status. It is true that the petitioners are personally affected, at least financially, by the Commission's decision to deny compensation for annual leave while working part-time. But, beyond the timing of the decision, they are not affected as full-time employees by the application of a personnel rule to their prior part-time employment.

■■ A party seeking to set aside the decision of an administrative agency bears the burden of showing that the decision was clearly unreasonable or unlawful. RSA 541:13; *see Appeal of Dep't of Safety*, 123 N.H. 284, 285, 461 A.2d 98, 99 (1983). After reviewing the record, we conclude that the Board did not act unreasonably or unlawfully in ruling that, for an employee to have a right of appeal under RSA 21-I:58, the personnel rule in question must have been *applied* to the employee while permanently employed. We hold that the Board did not err in ruling that it lacked jurisdiction, under RSA 21-I:58, over claims arising from the petitioners' part-time employment.

The State has also argued that no personnel rule was applied by the Commission so as to invoke RSA 21-I:58. Because we hold that RSA 21-I:58 is inapplicable to the petitioners' claims, we will not address this argument.

■ The petitioners' second claim is that, even if RSA 21-I:58 does not apply, they are entitled to appeal to the Board under RSA 21-I:46. Preliminarily, we note that while RSA 21-I:58 grants permanent employees an opportunity to petition this court pursuant to RSA chapter 541, *see* RSA 21-I:58, II, the legislature has not provided for a statutory right to appeal Board decisions to this court under the general provisions of RSA 21-I:46. Therefore we will treat the petitioners' appeal, as it applies to their jurisdictional claim un-

der RSA 21-I:46, as a petition for a writ of certiorari. *See Appeal of Tamm,* 124 N.H. 107, 110–11, 469 A.2d 1291, 1292–93 (1983).

RSA 21-I:46 grants to the Board general authority to hear and decide "appeals arising out of the rules adopted by the director of personnel. . . ." RSA 21-I:46. The statute makes no distinction as to employment status; thus part-time employees appear subject to this provision.

The petitioners argue that personnel rule Per 307.03, which is referenced in RSA 98-A:6 (Supp. 1989), is the rule which gives rise to their appeal. We disagree. RSA 98-A:6 (Supp. 1989) references Per 307.03 only as the means to determine the amount of annual leave allowed. Per 307.03 sets forth the formula by which accumulated annual leave is calculated. Neither party has claimed error in the application of the formula in Per 307.03.

The petitioners have taken a sentence of Per 307.03 out of context and attempt to rely upon it: "Annual leave shall be cumulated for not more than the prescribed days and shall not lapse." Clearly, in viewing Per 307.03 as a whole, this sentence refers to the lapsing of annual leave to which an employee is entitled. But it is the statutory provisions of RSA 98-A:6 (Supp. 1989), not Per 307.03, which determine the circumstances under which a part-time employee is entitled to accumulated annual leave.

Upon review, we conclude that the petitioners' claims are founded upon RSA 98-A:6 (Supp. 1989) and do not arise out of an application of the personnel rules. We therefore hold that the Board's conclusion, that it lacked jurisdiction to hear their appeal under RSA 21-I:46, was both legal and reasonable. *See Appeal of Tamm,* 124 N.H. at 110–11, 469 A.2d at 1293.

*Affirmed.*

HORTON, J., did not participate; the others concurred.