Personnel Appeals Board
No. 91-484

APPEAL OF LORRAINE ALLEY & a.

(New Hampshire Personnel Appeals Board)

April 7, 1993

*Michael C. Reynolds*, general counsel, State Employees' Association of New Hampshire, Inc., of Concord, by brief and orally, for the petitioners.

*John P. Arnold*, attorney general (*Susan S. Geiger*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.  Pursuant to the appeal provisions of RSA 21-I:58, II, the petitioners, Lorraine Alley, Doris Brown, Nicholas Power, Gary Wilcox, and Patricia Taylor, seek our review of a decision of the New Hampshire Personnel Appeals Board (the board), that the department of administrative services (the department) properly demoted the petitioners in lieu of layoff. They argue that the board erred in finding that the "or for other good cause" language of the personnel rule covering demotion, New Hampshire Ad-

ministrative Rules, Per 308.02 (1983) (current version at Per 1001.07 (1992)), permits demotion of employees because of insufficient funding of a department budget as distinguished from matters of discipline or job performance. Because we determine that the board improperly interpreted the personnel rules, we reverse and remand.

The facts briefly stated follow. Because of operating budget deficits in August 1990, former Governor Judd Gregg mandated that the department reduce its personnel budget by nine percent. The entire executive branch was similarly burdened. On September 21, 1990, the department responded to the mandate in part by demoting the petitioners, sending them letters containing the following notice:

> "As you are probably aware, the State has been experiencing severe budget deficits. Our Department has been mandated to reduce our personnel budget by nine percent (9%)[.] This financial reduction has necessitated certain layoffs as well as a restructuring of our personnel in order to continue to provide as many of our services as is possible. Consequently, pursuant to Per. 308.02 of the rules of the Division of Personnel, you will be demoted to a [lesser paying job], effective October 5, 1990.
>
> Please be assured that this demotion is not a negative reflection or discredit to your performance."

In each instance the individual appellant was demoted to a differently titled position that paid less money than the one held on September 21.

The petitioners were all veteran employees with at least five years in State service. As such, they had obtained certain "bumping" rights with respect to the order in which personnel could be laid off, as provided in the "layoff rule," New Hampshire Administrative Rules, Per 308.05 (1983) (current version, establishing bumping rights for employees with ten or more years of service, at Per 1100 (1992)). In choosing to demote the petitioners rather than to lay them off, however, the department applied the "demotion rule," New Hampshire Administrative Rules, Per 308.02 (1983), which contains no analogous right to bump subordinate employees. As a result, the petitioners were precluded from exercising their bumping rights.

The petitioners argue that the demotion rule cannot be applied to comply with a cost cutting mandate. Instead, they maintain that the layoff rule must be utilized when the action is occasioned by "insufficient funds." *See* N.H. ADMIN. RULES, Per 308.05 (1983). The State counters that the demotion rule can be applied not only to address

matters of discipline or job performance, but also "for other good cause." N.H. ADMIN. RULES, Per 308.02 (1983). It maintains that this language is sufficiently broad to permit demotion due to insufficient funding of a department budget.

■■ Our case law in the field of administrative rule interpretation, although somewhat sparse, is nevertheless helpful in giving us direction. We look at the rule under consideration as a whole, and not in segments. *See Appeal of Higgins-Brodersen*, 133 N.H. 576, 581, 578 A.2d 868, 871 (1990). While deference is accorded to an agency's interpretation of its regulations, that deference "is not total. We still must examine the agency's interpretation to determine if it is consistent with the language of the regulation and with the purpose which the regulation is intended to serve." *Petition of Pelletier*, 125 N.H. 565, 569, 484 A.2d 1119, 1121 (1984) (quotation omitted).

■■ A review of the personnel rules shows that the authors contemplated separate and distinct management solutions to two common problems of the workplace: *i.e.*, the need for discipline and the lack of adequate funding. The demotion rule has as its primary purpose a management response to "inefficient performance of [an employee's] duties" when such a response is indicated "in lieu of layoff or discharge." N.H. ADMIN. RULES, Per 308.02 (1983). The layoff rule, however, addresses different management concerns; namely, "abolition of a position, because of change in organization, lack of work, *insufficient funds*, or like reasons." N.H. ADMIN. RULES, Per 308.05 (1983) (emphasis added). We believe that the department relied on the wrong section of the personnel rules in dealing with the lack of funding, and that the layoff rule should have been applied to protect the rights of these veteran employees.

The concerns of the department on September 21, 1990, were not those of management dealing with employees performing their tasks inefficiently or in contravention of established rules of the workplace requiring discipline short of layoff. Rather, the department was simply concerned about insufficient funds. The layoff rule is the only one that reflects lack of funding as a basis for its application. Consequently, the department should have relied upon the layoff rule to resolve the funding problem, rather than upon an overly expansive reading of the demotion rule.

*Reversed and remanded.*

All concurred.