Personnel Appeals Board
No. 2011-895

## APPEAL OF KAREN HILDRETH
### (New Hampshire Personnel Appeals Board)

Argued: September 20, 2012
Opinion Issued: October 30, 2012

*Kristin H. Sheppe* and *Michael C. Reynolds*, of Concord, on the brief, and *Ms. Sheppe* orally, for the petitioner.

*Michael A. Delaney*, attorney general (*Rosemary Wiant*, assistant attorney general, on the brief and orally), for the State.

DALIANIS, C.J. The petitioner, Karen Hildreth, a former employee of the department of health and human services, appeals the decision of the New Hampshire Personnel Appeals Board (PAB) that she forfeited her right to continue to appeal a disciplinary action after retiring from State service. We reverse and remand.

The facts are not in dispute. On December 9, 2010, the petitioner received a letter of warning for failure to meet a work standard, resulting in

withholding of her annual salary increment. On May 4, 2011, she received a second letter of warning for failure to meet the work standard and failure to take corrective action as directed. Pursuant to the personnel rules, she initiated an appeal of both disciplinary actions through the informal four-step settlement process. *See* N.H. ADMIN. RULES, Per 205.03, 205.07. After proceeding through the first two steps, the petitioner retired from State service. As a result of her retirement, she was notified at step III that the relief provided by the informal settlement process was no longer available to her. The petitioner appealed this decision to step IV. The director of personnel refused to schedule a hearing, concluding that the petitioner was no longer entitled to review of the disciplinary action.

The petitioner then appealed to the PAB. *See* N.H. ADMIN. RULES, Per 205.02(b) (explaining that informal settlement process does not preclude appeal to PAB under RSA 21-I:58). The PAB concluded that "[b]y resigning and voluntarily giving up her status as a permanent employee, [the petitioner] also relinquished her right to appeal decisions of the appointing authority that affected her status as an employee while she held her permanent position." The petitioner's motion for rehearing was denied; this appeal followed.

Our review is governed by RSA 541:13 (2007). Accordingly, the PAB's findings of fact are deemed to be "prima facie lawful and reasonable." *Id.* "Its interpretations of statutes and administrative rules, however, are reviewed *de novo*." *Appeal of Alexander*, 163 N.H. 397, 401 (2012).

RSA 21-I:58, I (2012) grants authority to the PAB to hear appeals from "[a]ny permanent employee who is affected by any application of the personnel rules." Our sole task on appeal is to determine whether the petitioner was a "permanent employee" when she filed her appeal with the PAB. In arguing that she was not, the State relies almost exclusively upon *Appeal of Higgins-Brodersen*, 133 N.H. 576 (1990). In *Higgins-Brodersen*, two full-time employees sought to appeal the denial of compensation for unused annual leave that had accrued while they held part-time positions. *Id.* at 577. In affirming the PAB's denial of jurisdiction, we concluded that "for an employee to have a right of appeal under RSA 21-I:58, the personnel rule in question must have been *applied* to the employee while permanently employed." *Id.* at 580. Because the two employees were part-time, and, therefore, were not permanent employees when the personnel rule was applied to them, they could not appeal the PAB's action. *Id.* at 579-80. Here, the State does not dispute that the petitioner was a permanent employee when she received the letters of warning. Rather, the State asserts that "[b]y resigning, an employee voluntarily, knowingly and intelligently gives up the status of 'permanent employee' and any commensurate benefits." We

disagree. "[A]bsent an express 'temporal qualifier,' such as 'current,' . . . use of the word 'employees' does not inherently exclude former . . . employees." *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 6 (1st Cir. 1998) (citation omitted).

■■ The State asserts that the petitioner's remedy in this case is to submit a letter of rebuttal for placement in her personnel file. *See* N.H. ADMIN. RULES, Per 1501.03(a)(6). Such action, however, would not provide the relief that the petitioner seeks. "When the court construes a statute, it is especially appropriate to consider 'the evil or mischief' the statute was designed to remedy." *Rix v. Kinderworks Corp.*, 136 N.H. 548, 550 (1992). Here, "it is clear to us that the legislature intended to confer upon State employees a specific right of appeal to the [PAB]" of personnel decisions "based upon permanent status." *Appeal of Higgins-Brodersen*, 133 N.H. at 580. A letter of rebuttal placed in the personnel file alongside the contested letters of warning is not a substitute for removal of the letters themselves. Moreover, the first letter of warning precluded the petitioner from receiving the annual salary increment to which she would have otherwise been entitled.

We conclude, therefore, that the petitioner is a "permanent employee" for the purpose of appealing the disciplinary letters to the PAB under RSA 21-I:58 (2012). Accordingly, we reverse and remand.

*Reversed and remanded.*

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.