Grafton
No. 80-303

ARLINE R. BOYCE, ADMINISTRATRIX
OF THE ESTATE OF ROBIN L. BOYCE

v.

CONCORD GENERAL MUTUAL INSURANCE COMPANY & a.

September 16, 1981

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*David J. KillKelley* on the brief and orally), for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Paul R. Cox* on the brief and orally), for Concord General Mutual Insurance Company.

*Augustine J. McDonough P.A.,* of Manchester (*Michael B. O'Shaughnessy* on the brief and orally), for New Hampshire Merchants Insurance Company and Merchants Insurance Group.

*Stark & Peltonen,* of Manchester (*John E. Peltonen* on the brief and orally), for Darrel Macomber and Elwin E. Macomber.

DOUGLAS, J. This is an interlocutory transfer without ruling on a petition for declaratory judgment to determine insurance coverage. The plaintiff, Arline R. Boyce, is the administratrix of the estate of her son, Robin L. Boyce. The defendants are two insurance companies, Merchants Insurance Group (Merchants) and Concord General Mutual Insurance Company (Concord General), and Darrel Macomber and Elwin E. Macomber, who are the defendants in the underlying negligence actions brought by the plaintiff.

For the purpose of this appeal, the parties have stipulated to the following facts. On July 7, 1976, the defendant Darrel Macomber was operating a pickup truck towing a trailer on Route 25 in Rumney, New Hampshire. The plaintiff's son, who was riding on the trailer, fell from the vehicle and was injured. He died the following day as a result of his injuries. At the time of the accident, Darrel Macomber was a member of the household of his father, Elwin E. Macomber, who was the owner of the truck and trailer. The plaintiff brought negligence actions against both Darrel Macomber and Elwin Macomber.

At the time of the accident, the Macombers had two insurance policies with Merchants: a motor vehicle policy covering the truck, and a homeowner's policy. At that same time, Arthur S. Boyce, Robin's father, had a motor vehicle insurance policy with Concord General. In her declaratory judgment action, the plaintiff seeks to determine the extent of insurance coverage under all three policies.

We address first the question of the amount of coverage provided

for Darrel Macomber and Elwin Macomber by the latter's motor vehicle insurance policy with Merchants. The policy in question provides coverage in the amount of $25,000 per person and $50,000 per occurrence for "all sums which the insured becomes legally obligated to pay as damages because of . . . bodily injury . . . [a]rising out of the ownership, maintenance or use of the owned automobile. . . ." Merchants concedes liability to the extent of $25,000 but argues that its liability is limited to that amount. The plaintiff argues that the State financial responsibility law, RSA ch. 268, requires Merchants to provide coverage to the Macombers in an amount greater than $25,000.

■■ RSA 268:18 provides: "No motor vehicle liability policy other than that defined in RSA 268:1 shall be issued or delivered in this state. . . ." RSA 268:1 VII defines a motor vehicle liability policy as

"a policy of liability insurance which provides: (a) indemnity for or protection to the insured and any person responsible to him for the operation of the insured's motor vehicle, trailer, or semi-trailer who has obtained possession or control thereof with his express or implied consent, against loss by reason of the liability to pay damages to others for . . . bodily injuries, including death at any time resulting therefrom, . . . to the amount of $20,000 on account of injury to or death of any one person. . . ."

The plaintiff makes two arguments based on that language. First, she argues that the statute requires that Merchants provide separate coverage for the truck and the trailer. We reject that argument. The legislature's use of the disjunctive "or" evinces an intent to require coverage for only one vehicle. *See* 1A C. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 21.14 (4th ed. 1972). Coverage is not stacked merely because the trailer and truck are connected. Under condition 4 of the Merchants policy involved in this case, the truck and the trailer are insured as one vehicle. That provision complies with the statute.

■■ The plaintiff also argues that RSA 268:1 VII requires Merchants to provide $20,000 liability coverage for bodily injury for both Darrel and Elwin Macomber. That argument focuses on the language in RSA 268:1 VII that requires a liability policy to provide "protection to the insured *and* any person responsible to him for the operation of the insured's motor vehicle. . . ." (Emphasis added.) The plaintiff overlooks the statute's further provision

that the coverage for that liability must be at least "$20,000 on account of injury to or death of *any one person.* . . ." (Emphasis added.) Although it may be possible to read the statute as the plaintiff does, that reading does not reflect the legislature's intent in enacting RSA ch. 268. We, therefore, must reject it.

The primary purpose of the financial responsibility law "is not to protect the tort-feasor, but to provide compensation to persons harmed by the negligent operation of motor vehicles." *Peerless Ins. Co. v. Vigue*, 115 N.H. 492, 494, 345 A.2d 399, 400 (1975). By focusing on the insureds, the plaintiff misreads the statute. The purpose of the law is to provide minimum protection of $20,000 to *any one* accident victim. Reading the statute with that purpose in mind, it is clear that the object of the language cited by the plaintiff is to ensure that a victim receives that minimum protection no matter what the circumstances of an accident may be. It does not require an insurer to provide $40,000 coverage in those situations that involve vicarious liability.

■ The Merchants policy involved in this case complies with the statute. It provides bodily injury coverage in the amount of $25,000 per person and $50,000 per occurrence. Elwin and Darrel Macomber are both insured under the policy as "the named insured and any resident of the same household." The policy provides that bodily injury liability coverage "applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." Thus, Merchants liability is limited by the policy to $25,000 for bodily injury to any one person. That limitation is not raised when a person brings suit based on vicarious liability.

We next consider whether the plaintiff is entitled to uninsured motorist coverage under either her husband's insurance policy with Concord General or the Macombers' policy with Merchants.

The two policies at issue contain nearly identical language by which the insurer agrees to pay "all sums which the *insured* or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured* . . . [*motor vehicle*] because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such *uninsured* [*motor vehicle*]." (Emphasis added.) The plaintiff's decedent was an insured under the Concord General policy as a relative of the named insured, his father, and he was an insured under the Merchants policy as a person occupying a vehicle insured under the policy.

Nevertheless, uninsured motorist coverage is not effective with every accident but only with those involving an uninsured motor vehicle, as defined by a particular policy or by New Hampshire law. Both policies at issue contain parallel provisions defining an uninsured motor vehicle or automobile to include vehicles insured under a liability policy where the insurer has *denied* coverage. Because Merchants contended that its liability under the policy was limited to $25,000, the plaintiff argues that Merchants denied coverage, thus bringing into play the uninsured motorist provisions of both policies. That argument misstates Merchants position. Rather than denying coverage under the policy, Merchants merely questioned the extent of its obligation. Because Merchants did not deny liability, the motor vehicle is not an uninsured vehicle within the definition of those policies.

Nor is the vehicle an uninsured vehicle under RSA 268:15-a V. That paragraph defines an uninsured vehicle as one insured for less than the statutory minimum, which at the time was set by RSA 268:1 VII at $20,000 for injury to or death of any one person. *See Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 79–80, 382 A.2d 910, 913–14 (1978). We have already determined, and Merchants concedes, that the Merchants policy provides liability coverage of $25,000. Because the accident did not involve an uninsured motor vehicle, the plaintiff is not entitled to uninsured motorist coverage under either policy.

Finally, we address the question whether Darrel and Elwin Macomber are entitled to liability insurance coverage under the Merchants homeowner's policy issued to Elwin Macomber. Before the issue of coverage under the homeowner's policy was transferred to this court, a hearing was held to determine the understanding between Elwin Macomber and Stanley Shmishkiss, the Merchants local agent, on the policy's coverage of the trailer. The Master (*Paul A. Gruber*, Esq.) recommended a finding that "at the time the homeowner's insurance was issued, Mr. Macomber believed that it afforded coverage for the farming equipment, specifically the trailer involved in the accident, and that he was not advised by Mr. Shmishkiss that it did not, even though Mr. Shmishkiss knew or should have known that a limited farming operation was carried on by Mr. Macomber." The Superior Court (*Johnson, J.*) approved the master's recommendation.

The homeowner's policy at issue in this case contains a special endorsement to the personal liability and medical payments coverages, which provides:

"This policy covers *motorized maintenance equipment*

pertaining to the service of the premises, if not subject to motor vehicle registration, which is designed for use principally off public roads. This coverage applies while the equipment is being used on or away from the premises."

(Emphasis added.) The plaintiff argues that this clause provides coverage for the trailer involved in the accident. That clause is not ambiguous; it does not provide coverage for the trailer. "Motorized maintenance equipment" clearly refers to machinery such as rider mowers and tractors, not to equipment that becomes "motorized" when attached to another vehicle.

 Usually this would end our inquiry. However, as summarized in *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 435 A.2d 507 (1981), coverage may also be found if " 'the parties' prior dealings would lead the insured to form a reasonable belief that the policy provided him the claimed coverage' . . . or [that] 'reliance on the [insurer's] agent's assurances was reasonable' so as to estop the company from denying coverage." (Citations omitted.) In this case, there were such circumstances surrounding Mr. Macomber's purchase of the homeowner's policy.

 Although we do not have before us a transcript of the hearing before the master, it appears that Mr. Macomber testified that at the time he came to Mr. Shmishkiss' agency, he had in effect an insurance policy covering both buildings and equipment. When he came to Mr. Shmishkiss, he asked that coverage under his existing policy be duplicated. Mr. Shmishkiss testified that he understood that those were his instructions, and did not testify that the original policy did not cover the trailer. The original policy is not in evidence, but the master found that Mr. Macomber believed the policy covered the trailer and that Mr. Shmishkiss did not tell him it did not. From that finding, we conclude that the master accepted Mr. Macomber's statement that he believed his former policy covered the trailer. The master was entitled to accept that testimony. *See Murphy v. Bateman*, 121 N.H. 748, 750, 433 A.2d 1330, 1332 (1981). Although the master did not expressly find that Mr. Macomber's belief was *reasonable*, that finding is implicit. Based on the circumstances that existed at the time the insurance policy was drawn up, we conclude that the Macombers are entitled to liability coverage under the homeowner's policy.

In summary, we conclude that: (1) Merchants liability for coverage to Darrel and Elwin Macomber under its motor vehicle policy is limited to $25,000, (2) the plaintiff is not entitled to uninsured

motorist coverage under either the Merchants policy with the Macombers or her husband's policy with Concord General, and (3) Darrel and Elwin Macomber are entitled to liability coverage under the Merchants' homeowner's policy.

*Remanded.*

BATCHELDER, J., did not sit; the others concurred.