Merrimack
No. 89-157

DELORES CHAMBERS

v.

ROBERT GEIGER & a.

May 4, 1990

*Alfred Catalfo, Jr.*, of Dover, by brief for the plaintiff.

*John P. Arnold*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief), by brief for the State, as intervenor.

*Cooper, Hall, Whittum & Shillaber P.C.*, of Rochester, for the defendants, Robert Geiger and Ferd Corporation, filed no brief.

JOHNSON, J. The State of New Hampshire (the State), plaintiff's employer, appeals a decision of the Superior Court (*Mohl*, J.) relating to plaintiff's workers' compensation and third-party tortfeasor claims. The decision excludes from the State's statutory lien against plaintiff's tort suit recovery the amount the State paid for plaintiff's vocational rehabilitation. *See* RSA 281:14, I. The defendants were not affected by the trial court's decision and assert no claim on appeal. At issue here is the interpretation of then-effective RSA 281:14, I. For the reasons stated below, we affirm.

This case arises out of an injury the plaintiff, Delores Chambers, received while working as a toll booth operator for the State. A truck owned by the defendant corporation and operated by defendant Geiger struck Chambers's toll booth, causing her serious injuries. Since the injury was work-related, the State paid Chambers a total of $67,153.24 in weekly compensation, medical care, and vocational rehabilitation services, pursuant to its workers' compensation obligations under RSA chapter 281.

Chambers sued defendants, as third-party tortfeasors, in accordance with RSA 281:14. At trial, she attempted to introduce evidence of the vocational rehabilitation expenses that were incurred as a result of defendants' negligence, but the trial court excluded evidence of all but $760 of these expenses. The jury's award of $155,000 represented damages for pain and suffering, weekly compensation, medical care, and $760 worth of vocational rehabilitation. The remaining vocational rehabilitation expenses, totalling $3,734.33, were not submitted to the jury prior to the award to Chambers.

The State asserted a lien on Chambers's jury award pursuant to RSA 281:14, I, and attempted to recover from Chambers the $67,153.24 in workers' compensation expenses it incurred because of her accident. *See* RSA 281:14, I (employer has a lien on employee's tort recovery "to the extent of the compensation, medical, hospital, or other remedial care" paid or to be paid by the employer). Chambers agreed to reimburse the State for most of its expenses ($67,153.24 less her share of costs, or $41,366) excepting only the $3,734.33 in vocational rehabilitation costs. She argued that since the defendant-tortfeasors did not pay her for those costs, she should not have to reimburse the State for that amount. In other words, she argued that when one of two non-negligent parties must pay for work-related injury expenses, the employer should bear the financial burden rather than the employee.

The trial court ruled in favor of Chambers, stressing the purpose of RSA 281:14, I.

> "The lien statute ensures, *inter alia*, that there is not double recovery for an injury sustained by an employee. As in this case, the third party responsible in tort for the employee's injuries would not ordinarily be required to bear the costs of job retraining of an injured employee. Here, the Court excluded evidence of such damages, and the award by the jury does not include any compensation for vocational rehabilitation expenses. There can be no double recovery of these benefits because the injured employee did not recover any damages on account of the vocational rehabilitation services which she was required to partake in."

The trial court also noted that an employer's obligation to pay for "medical, hospital, and remedial care" in the case of an employee's work-related injury is specifically set forth in RSA 284:21, whereas "vocational rehabilitation" is only addressed in RSA 281:21-b, enacted in 1969. The court said:

> "When the legislature added vocational rehabilitation services in 1969, there was no corresponding change in the lien statute to provide for a lien for the amount extended for vocational rehabilitation services on any recovery by the employee for the injuries sustained . . . . Had the legislature intended the employer's lien to extend to vocational rehabilitation services, made available by statute after 1969, surely it would have modified RSA 281:14 to so provide. On its face, the language of the statute extending the lien to

'compensation, medical, hospital, or other remedial care' does not include vocational rehabilitation services provided to an injured employee."

On appeal, the State makes the following arguments. First, it argues that the plain meaning of the phrase "medical, hospital, or other remedial care," as it appears in the lien statute, RSA 281:14, I, does not exclude vocational rehabilitation from the lien coverage. Second, the State relies heavily on the New Hampshire Department of Labor's (DOL) own construction of the lien statute. The State presented evidence that, for over twenty years, the DOL has interpreted the phrase "medical, hospital, or other remedial care" in the lien statute to include vocational rehabilitation. Third, the State faults the trial court's reliance on the "double recovery" argument. It argues that in many cases the employer is awarded a lien to reimburse its workers' compensation expenses even in the absence of double recovery. Moreover, the State contends, an employer *should* be reimbursed in the absence of double recovery because the employer should not be forced to pay for an injury caused by a third party.

■ The central issue is whether RSA 281:14, I, the employer's lien statute, includes vocational rehabilitation within the meaning of the phrase "medical, hospital, or other remedial care." Since this is a case of statutory interpretation, our first step is to examine the words of the statute. "It is well established that the words in the statute itself are the touchstone of the legislature's intention." *Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982).

Standing alone, the words "medical, hospital, or other remedial care" offer little guidance, because none of the terms is defined in the statute. The words do tell us that the legislative drafters considered "medical" and "hospital" care to be forms of "remedial" care; thus, "other remedial care" must be similar to "medical" and "hospital" care. However, this observation does not answer our question.

To learn more, we look at the workers' compensation chapter as a whole.

"In seeking to determine the intent of the legislature regarding a statute, we will consider the language and structure of the statute. A widely accepted rule of statutory construction is '. . . to read, and examine the text of a statute and draw inferences concerning its meaning from its composition and structure.'"

*Glick v. Town of Ossipee*, 130 N.H. 643, 645, 547 A.2d 231, 233 (1988) (citations omitted).

Upon examination of RSA chapter 281 in its entirety, it becomes clear that the phrase "medical, hospital, or other remedial care," as it appears in the lien statute, does not include vocational rehabilitation. An employer's obligation to pay for an injured worker's "medical, surgical, and hospital services, remedial care, nursing, medicines, and mechanical and surgical aids" is set forth in RSA 281:21. This section is entitled "Medical, Hospital, and Remedial Care." An employer's duty to provide vocational rehabilitation services, on the other hand, is grounded in RSA 281:21-b. This section's heading reads "Vocational Rehabilitation."

■ A brief look at the statute's legislative history confirms our belief that the words "medical, hospital, or other remedial care" in RSA 281:14, I, refer to RSA 281:21, "Medical, Hospital, and Remedial Care," and not to RSA 281:21-b, "Vocational Rehabilitation." The words "medical, hospital, or other remedial care" first appeared in the workers' compensation lien statute in 1949. Laws 1949, 160:1. These words have not been changed in the past forty-one years. RSA 281:21 was entitled "Medical and Hospital Care, etc." until 1971, when the section was amended and the heading was changed to "Medical, Hospital, and Remedial Care." Laws 1971, 539:7; *see* Laws 1967, 403:9. Thus, RSA 281:21 and RSA 281:14, I, have had similar language. However, after RSA 281:21-b, the vocational rehabilitation statute, was enacted in 1969, Laws 1969, 423:3, there was no amendment to RSA 281:14, I, to include vocational rehabilitation expenses within the coverage of the employer's lien. We therefore hold that RSA 281:14, I, does not provide an employer with a lien for the reimbursement of vocational rehabilitation expenses.

■■ We recognize that our holding today is contrary to the established practice of the DOL. While we ordinarily give deference to administrative interpretation of a statute, such an interpretation is not controlling where, as here, it is plainly incorrect. *See, e.g., Appeal of Rehab. Assoc's of N.E.*, 131 N.H. 560, 565–66, 556 A.2d 1183, 1187 (1989); *N.H. Retirement System v. Sununu*, 126 N.H. 104, 109, 489 A.2d 615, 619 (1985); *Hamby v. Adams*, 117 N.H. 606, 609, 376 A.2d 519, 521 (1977).

Our treatment of the State's first two arguments is dispositive of this case; therefore, we do not address the State's third argument.

*Affirmed.*

All concurred.