Hillsborough
No. 91-498

HEA REALTY & a.

v.

CITY OF NASHUA

March 5, 1993

*Bolton Law Offices*, of Nashua (*Steven A. Bolton* on the brief and orally), for the plaintiffs.

*Mark J. Bennett*, of Nashua, by brief and orally, for the defendant.

THAYER, J.   The defendant, the City of Nashua, appeals the Superior Court's (*Murphy*, J.) grant of summary judgment in favor of the plaintiffs, who lease subdivided lots from the Nashua Airport Authority (NAA). The city appealed, arguing that RSA 72:23, I, authorizes it to impose properly assessed taxes on land that is leased from the city to the NAA and sublet to the plaintiffs. We agree with the city and therefore reverse.

In 1975, the NAA leased Boire Field from the city for a term of fifty years for the purpose of furthering aviation. The NAA is exempt from taxation pursuant to its enabling legislation. Laws 1961, 343:11. The lease between the NAA and the city authorized the NAA to sublet the property and contained no reference to property/real estate taxes. In 1977, the legislature amended RSA chapter 72, entitled "Persons and Property Liable to Taxation." Under this amendment, the following property is exempt from taxation:

"Lands and the buildings and structures thereon and therein and the personal property owned by the state, cities, towns, school districts, and village districts unless said real

or personal property is used or occupied by other than the state or a city, town, school district or village district under a lease or other agreement the terms of which provide for the payment of properly assessed real and personal property taxes by the party using or occupying said property."

Laws 1977, 600:83; *see* RSA 72:23, I (1991) (containing current version of statute).

The NAA has entered into subleases with various tenants. Each of the subleases provides that the sublessee is responsible for property taxes assessed on the sublet premises. For example, one of the subleases contains the following language:

"Lessee agrees to pay, when due, all taxes and assessments imposed by any governmental authority upon the demised premises . . . during the term of this Lease or any extension thereof. Lessee further agrees that it does hereby waive all right or privilege of exemption from municipal taxation of the demised premises . . . available by reason of Lessor's status as a public corporation, or by reason of the use of Boire Field as a public airport, or for any other reason whatsoever; and that the City of Nashua may assess all taxes as would otherwise be applicable to the leased premises . . . as if such exemption did not exist . . . ."

No taxes were assessed against the plaintiffs until November 1989. The plaintiffs did not pay the taxes and sought equitable relief in the form of a petition for declaratory judgment. The plaintiffs requested a ruling that the tax assessment was not authorized by RSA 72:23, I, or in the alternative, that the taxes were not properly assessed. The plaintiffs also sought an injunction prohibiting the city from collecting the taxes or imposing sanctions for nonpayment. The superior court granted summary judgment for the plaintiffs, and the city appealed.

The superior court ruled that because the lease between the city and the NAA did not contain language regarding payment of real estate taxes, the city could not assess taxes against the sublessees. The court ruled that the exemption exception contained in RSA 72:23, I, did not apply because the "statute authorizes the taxation of real and personal property when it is leased from the state or political subdivision and the lease provides for taxation." The court concluded that since the plaintiffs' leases were with the NAA, as opposed to the city, the leases did not come within the exception.

■ As an initial matter, we note that there was no reason for the city to include a provision on taxes in its lease with the NAA as both parties to that lease are statutorily tax-exempt. Also, the language in RSA 72:23, I, providing that a lease or agreement will make the user or occupier of city-owned property liable for taxes, was not in existence at the time the city and the NAA executed their lease in 1975. When interpreting the meaning of RSA 72:23, I, we must first examine the statutory language itself. *Dionne v. City of Manchester*, 134 N.H. 225, 227, 589 A.2d 1016, 1017–18 (1991). "It is well established that the words in the statute itself are the touchstone of the legislature's intention." *Chambers v. Geiger*, 133 N.H. 149, 152, 573 A.2d 1356, 1357 (1990) (quotation omitted).

■ The statute in question here provides that city-owned property is tax-exempt unless used or occupied by a party other than the city "under a lease or other agreement the terms of which provide for the payment of properly assessed real and personal property taxes . . . ." The statute does not require, as the superior court ruled, that in order to tax property owned by a city, the city must be a party to the lease with the occupier or user of the property. The statute simply requires that property owned by the city is used or occupied under a lease or other agreement that provides for the payment of properly assessed taxes. The leases between the NAA and the plaintiffs satisfy the requirements of the statute; we do not address the question of whether the city is authorized to impose real estate taxes on leased property. We reverse and remand to the superior court for further proceedings consistent with this opinion.

*Reversed and remanded.*

HORTON, J., did not sit; the others concurred.