Hillsborough-northern judicial district
No. 93-845

OMER AND DOLORES BEAUDOIN

v.

THERESA MARCHAND

October 3, 1995

*Thomas Craig, P.A.*, of Manchester (*Edwin Paul Gale* on the brief and orally), for the plaintiffs.

*Sulloway & Hollis*, of Concord, for the defendant, filed no brief.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the intervenors.

## MEMORANDUM OPINION

PER CURIAM. The plaintiffs appeal the decision of the Superior Court (*Perkins*, J.) approving the settlement of their claims against the defendant, but holding that the intervenors' lien for workers' compensation benefits under RSA 281-A:13, I(b) (Supp. 1994) includes the amount of a permanent impairment award. We affirm.

In May 1991, plaintiff Omer Beaudoin was bitten by a dog owned by the defendant, Theresa Marchand, while Mr. Beaudoin was working for United Parcel Services. He and his wife, plaintiff Dolores Beaudoin, brought an action against the defendant to recover for their injuries.

Because Mr. Beaudoin was injured in the course of his employment, he also made a claim for workers' compensation benefits from the intervenors, United Parcel Services and Liberty Mutual Insurance Company. Liberty Mutual Insurance Company paid Mr. Beaudoin benefits totaling $86,546.07, including an award of $19,866.84 for permanent impairment in accordance with RSA 281-A:32 (Supp. 1994).

In July 1993, the plaintiffs agreed to settle their action against the defendant for $250,000. They filed a motion for approval of the settlement agreement and asked the superior court to rule that the intervenors' lien for workers' compensation benefits did not include the amount of the permanent impairment award. The superior court approved the settlement of $250,000 but ruled that the intervenors' lien included the amount of the permanent impairment award. The plaintiffs appealed.

RSA 281-A:13, I(b) (Supp. 1994) gives the employer or the employer's insurance carrier a lien on the employee's recovery from a third party "to the extent of the *compensation*, medical, hospital, or other remedial care already paid . . . by the employer, or the employer's insurance carrier . . . ." (Emphasis added.) The plaintiffs argue that the amount paid as a permanent impairment award is not "compensation." They note that RSA 281-A:32 (Supp. 1994) refers to a payment for permanent impairment as an "award," not "compensation," and argue that under *Chambers v. Geiger*, 133 N.H. 149, 573 A.2d 1356 (1990), this reflects the legislature's intent not to include a permanent impairment award within the lien.

Because this is an issue of statutory construction, we first examine the words of the statute. *Chambers*, 133 N.H. at 152, 573 A.2d at 1357. Although the legislature did not define the term "compensation" in the workers' compensation statute, both the plain meaning of the term and the structure of the statute as a whole support the conclusion that the term "compensation" includes a permanent impairment award. An award for permanent impairment is intended to "compensate" the injured employee for loss of a body part. *See Ranger v. New Hampshire Youth Development Center*, 117 N.H. 648, 651, 377 A.2d 132, 134 (1977). Other provisions of the workers' compensation statute indicate that the legislature considered a permanent impairment award to be one type of compensation

provided by the statute. *See, e.g.*, RSA 281-A:33 ("Any employer who is liable for the *compensation* provided by . . . [RSA 281-A:]32 . . ."). Because the language and structure of the statute support the conclusion that the term "compensation" includes a permanent impairment award, we reject the plaintiffs' arguments that the absence of the term "award" evidences the legislature's intent to exclude such an award from the scope of the lien. Similarly, we reject the plaintiffs' argument that the use of the term "award" in RSA 281-A:32 (Supp. 1994), rather than the term "compensation," which the legislature used in an earlier version of the provision, reflects such an intent.

The purpose of the lien statute also supports the conclusion that the lien includes amounts paid for permanent impairment. We have recognized that the purpose of the lien is to prevent double recovery by the employee. *Tarr v. Republic Corp.*, 116 N.H. 99, 102, 352 A.2d 708, 711 (1976) (interpreting predecessor statute). The plaintiffs conceded during oral argument that one aspect of their claim against the defendant was a claim for permanent impairment, and that their settlement included this. Since the plaintiffs have been compensated for permanent impairment through their settlement, their retention of the permanent impairment award would have the effect of giving them a double recovery. We do not believe that the legislature intended this result.

We hold that the intervenors' lien includes amounts paid for permanent impairment. Accordingly, we affirm the superior court's decision.

*Affirmed.*

All concurred.