Carroll
No. 94-521

UNIT OWNERS ASSOCIATION OF SUMMIT VISTA LOT 8
CONDOMINIUM

v.

ALVIN H. MILLER, INDIVIDUALLY,
AND AS TRUSTEE OF THE SUMMIT VISTA LOT 8 TRUST

May 16, 1996

*Michael, Jones & Wensley*, of Rochester (*Philip S. Rader* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Jack B. Middleton* and *William S. Hewitt, Jr.* on the brief, and *Mr. Middleton* orally), for the defendant.

JOHNSON, J. This appeal arises out of an action by an association of condominium owners against the defendant, Alvin Miller, who is the developer of the Summit Vista Lot 8 condominiums, both in his capacity as trustee of the Summit Vista Lot 8 Trust, and individually, for damages to the common areas of the condominium project resulting from a deficiently designed drainage system. The plaintiff's writ made numerous allegations, including violations of the Consumer Protection Act, RSA chapter 358-A (1995), and the Condominium Act, RSA 356-B:65 (1995). The Superior Court (*Dickson*, J.) ruled for the plaintiff and awarded $62,202.36 in damages. The court also awarded attorney's fees based on violations of the Consumer Protection Act. *See* RSA 358-A:10, I. The plaintiff appealed, arguing that the court erred in not awarding double or treble damages pursuant to RSA 358-A:10, I. The defendant cross-appealed, arguing that the court erred in holding him personally liable for violations of the Condominium Act and the Consumer Protection Act. We affirm in part, reverse in part, and remand.

The plaintiff is an association of owners of condominium units located in Lot 8 of the "Summit at Linderhof" condominium development in Bartlett. *See generally* RSA 356-B:35-:47. In 1980, the defendant entered into an agreement with Berlin Cooperative Bank under which he would create a plan to develop the site, arrange for all necessary regulatory approvals, and eventually purchase the site when market conditions were favorable for

condominium development. The Lot 8 Trust was created for the purpose of holding title to Lot 8 during the construction and sales phases of the condominium project, and the defendant, as trustee, was the named declarant for purposes of condominium registration with the attorney general's office. *See* RSA ch. 356-B.

Lot 8 at the "Summit at Linderhof" is located at the top of a steep hill and is comprised of three buildings containing a total of twelve condominium units. The development's marketing material boasted that the project was "a resort high above the rest, where winter is marked by snow-capped mountains and spring brings lush greenery and roaring white water." The brochure proved to be unusually prescient; in the spring of 1987, extensive damage was caused to the development's common areas as the result of a significant rainstorm, which, combined with snow melt, washed away the leach fields of adjacent lots and severely damaged the units' drainage system.

The plaintiff filed suit in superior court alleging seven separate counts, including violations of the Condominium Act, RSA chapter 356-B, and the Consumer Protection Act, RSA chapter 358-A. After a five-day bench trial, the court found the defendant liable individually and as trustee, and this appeal followed.

## I. Condominium Act

The defendant contends that the trial court erred in finding him personally liable for violations of the New Hampshire Condominium Act, RSA 356-B:65, I, III. The Condominium Act mandates that

> [a]ny declarant who disposes of any interest in a condominium unit in violation of this chapter, or who in disposing of any such interest omits a material fact required to be stated in a registration statement or public offering statement . . . is liable to the purchaser of such interest . . . .

RSA 356-B:65, I. The trial court granted the plaintiff's request for a ruling of law that the defendant, in his capacity as trustee, violated the statute "in that [he] omitted the material fact that the drainage system was wholly inadequate." Further, the court found the defendant personally liable for damages in his individual capacity because of his "material participation in the disposition of the units" and his knowledge of the material omission. *See* RSA 356-B:65, III.

We proceed, therefore, with the defendant's first argument that a finding of personal liability under RSA 356-B:65, III was error, noting that we will not disturb the findings of the superior court unless they were unsupported by the evidence or erroneous as a matter of law. *See C & M Realty Trust v. Wiedenkeller*, 133 N.H. 470, 476, 578 A.2d 354, 358 (1990).

The defendant argues that the trial court's ruling was erroneous because an individual cannot be held personally liable for acts of a corporation absent evidence that the corporate form was used to promote injustice or fraud. *See, e.g., Terren v. Butler,* 134 N.H. 635, 639, 597 A.2d 69, 72 (1991). The plaintiff answers that RSA 356-B:65, III is specifically designed to allow condominium owners to pierce the corporate veil and impose liability on individual participants. "Because this is an issue of statutory construction, we first examine the words of the statute." *Beaudoin v. Marchand,* 140 N.H. 269, 270, 665 A.2d 745, 746 (1995) (citation omitted).

RSA 356-B:65, III, states:

> Any person who materially participates in any disposition of any interest in a condominium unit in the manner specified in paragraph I and knew of the existence of the facts by reason of which the liability is alleged to exist shall also be liable jointly and severally with the declarant . . . .

The definition of "person" includes "a natural person . . . capable of holding title to real property." RSA 356-B:3, XXIV (1995).

In interpreting the statutory language, we examine RSA 356-B:65, III "in the context of the overall statutory scheme," *Opinion of the Justices (Solid Waste Disposal),* 135 N.H. 543, 545, 608 A.2d 870, 872 (1992), construing it to be consistent with, and not contradictory to, other provisions of the Condominium Act. *Cf. State v. Farrow,* 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995).

Further, "we presume that the legislature does not enact unnecessary and duplicative provisions." *State v. Willard,* 139 N.H. 568, 570, 660 A.2d 1086, 1087 (1995) (quotation omitted). Accordingly, we find that RSA 356-B:65, III supplements, and is dependent upon, the cause of action set forth in RSA 356-B:65, I. In order for paragraph III to apply, a plaintiff must first show liability of a declarant under paragraph I. Paragraph III thus allows condominium owners to reach "persons" other than the declarant who materially participated in and had the requisite knowledge of the prohibited acts. We hold therefore that the defendant, a natural person capable of holding title in property, can be jointly and severally liable under RSA 356-B:65, III.

The defendant contends that our holding in *Terren,* 134 N.H. at 639, 597 A.2d at 72, requires that a plaintiff must present evidence of injustice or fraud in order to pierce the corporate veil. *Terren,* however, addressed the ability of a plaintiff to pierce the corporate veil in the case of a breach of warranty action under RSA 356-B:41 (1991). This court specifically did not address "whether, or to what

extent, [the defendants] personally made misrepresentations, [or] whether they are liable for misrepresentations in the offering statement" under RSA 356-B:65, I and III. *Terren*, 134 N.H. at 641, 597 A.2d at 73.

The defendant next argues that the finding that he materially participated in the disposition of the condominium units "was legally deficient as a matter of law." He alleges that the trial court erred by relying solely on a finding that the defendant, as trustee, executed the deeds to certain units in the complex.

■ The superior court, however, granted at least two other findings of fact that would satisfy the material participation and knowledge requirements of RSA 356-B:65, III, including that the defendant "materially participated in the disposition of the condominium units in [his] individual capacit[y]. . . . [and] knew that no comprehensive drainage system had been installed for the entire condominium project before undertaking sales." We will not disturb the findings of the trial court unless they are unsupported by the evidence. *See Terren*, 134 N.H. at 640, 597 A.2d at 72. Ample evidence supports the trial court's findings, including evidence that the defendant supervised the design, location, and marketing of the development and arranged for all statutory approvals, including the filings with the attorney general. He also supervised placement of the drainage system prior to the declarant taking title to the property. On the registration statement filed with the attorney general's office, the defendant, individually, was listed as the real party in interest. Therefore, we affirm the ruling of the superior court finding the defendant, as an individual, jointly and severally liable under RSA 356-B:65, I and III.

The defendant also argues that the trial court's finding of personal liability was error because the plaintiff failed to allege sufficient facts to support a finding that there was an omission of a material fact in violation of RSA 356-B:65, I. We treat this issue as waived, however, because the defendant, in his notice of cross-appeal, failed to raise the RSA 356-B:65, I, claim. *Cf. Appeal of Toczko*, 136 N.H. 480, 487, 618 A.2d 800, 804–05 (1992).

## II. Consumer Protection Act

■ The defendant argues that the trial court erred in holding him personally liable under RSA 358-A:2, V and VII. The superior court's findings of fact and rulings of law will be upheld unless they lack evidentiary support or constitute a clear error of law. *Patch v. Arsenault*, 139 N.H. 313, 317, 653 A.2d 1079, 1082 (1995). In order to assess personal liability for acts of a trust under the Consumer

Protection Act, "[w]e will pierce the corporate veil and assess individual liability . . . where the corporate identity has been used to promote an injustice or fraud, or where the defendant has suppressed the fact of incorporation." *Gautschi v. Auto Body Discount Center*, 139 N.H. 457, 462, 660 A.2d 1076, 1079 (1995) (citations omitted).

Unlike the provisions of the Condominium Act discussed above, the Consumer Protection Act does not contain a specific provision that allows individuals to be held liable for the acts of the "corporate" entity absent application of the veil-piercing doctrine. *Compare* RSA 356-B:65, III ("person" can be held liable for acts of a "declarant") *with* RSA 358-A:2 ("person" as unlawful actor).

Because the findings of fact and rulings of law by the court and the pleadings are devoid of any evidence that would support piercing the corporate veil, *cf. Gautschi*, 139 N.H. at 462, 660 A.2d at 1079–80, we hold that the trial court erred in finding the defendant personally liable for violations of the Consumer Protection Act. In fact, the court's findings with respect to the elements of a Consumer Protection Act violation refer to the defendant specifically as "Defendant trustee[]." Therefore, we reverse the ruling of the superior court holding defendant Alvin Miller individually liable for violations of the Consumer Protection Act and remand the case for a determination of what portion of the general damages awarded should be reversed as to Alvin Miller.

### III. Damages

The plaintiff argues that the trial court erred in not awarding double or treble damages after finding a "knowing" but not "willful" violation of the Consumer Protection Act. While we have reversed the ruling of the trial court holding defendant Alvin Miller liable in his individual capacity, and therefore this issue is moot with respect to Miller's personal liability, we must address its merits with respect to the liability of Alvin Miller as trustee of the Lot 8 Trust.

■ Because the plaintiff's argument involves a matter of statutory construction, we look first to the plain meaning of the statute. *See Gilmore v. Bradgate Assocs.*, 135 N.H. 234, 237, 604 A.2d 555, 556 (1992). If the statute is unambiguous, we must give effect to its plain and obvious meaning. *Patch*, 139 N.H. at 316, 653 A.2d at 1082. The damages provision of the Consumer Protection Act mandates that "[i]f the court finds that the use of the method of competition or the act or practice was a willful *or* knowing violation of this chapter, it *shall* award as much as 3 times, but not less than 2 times, such amount." RSA 358-A:10 (emphasis added).

We find that the use of the disjunctive "or" manifests a clear intent to award multiple damages for either knowing or willful acts. *Cf. Welts' Case*, 136 N.H. 588, 592, 620 A.2d 1017, 1019 (1993) (because Rule 8.4(c) of the Rules of Professional Conduct is disjunctive, a finding of misrepresentation alone constitutes misconduct); *Boyce v. Concord Gen. Mut. Ins. Co.*, 121 N.H. 774, 777, 435 A.2d 510, 512 (1981). Further, we have recognized that "[p]ursuant to general rules of statutory construction, the word 'shall' is a command, which requires mandatory enforcement." *City of Manchester v. Doucet*, 133 N.H. 680, 683, 582 A.2d 288, 290 (1990).

Therefore, the superior court erred by denying the plaintiff's request for multiple damages based on the court's finding that the defendant's acts constituted a knowing violation of the Consumer Protection Act. We remand this case to the superior court to determine whether double or treble damages are appropriate. *See* RSA 358-A:10.

*Affirmed in part; reversed in part; remanded.*

BRODERICK, J., did not sit; the others concurred.