Epsom House of Pizza v. Comm. Union    CV-98-464-JD  07/16/99

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Epsom House of Pizza, Inc.

   v.                                    Civil No. 98-464-JD

Commercial Union Insurance Co.,


O R D E R


The plaintiff, Epsom House of Pizza, Inc. ("Epsom Pizza"), brought this declaratory judgment action against the defendant, Commercial Union Insurance Company ("Commercial Union"), in the Merrimack County Superior Court in the state of New Hampshire. The defendant removed the action to this court on August 4, 1998, on the basis of diversity jurisdiction. On September 22, 1998, Eric Sylvester intervened as a matter of right under Federal Rule of Civil Procedure 24(a)(2).[1] Before the court is the motion for summary judgment of Commercial Union (document no. 12).

_____

[1]As discussed further below, in Erich Sylvester by his m/n/f Cindy Sylvester v. Epsom House of Pizza Inc., d/b/a The Sports Bar, 98-C-066 (Merrimack County Superior Ct., Feb. 18, 1998), Eric Sylvester brought suit against Epsom Pizza asserting claims of negligent or reckless service of alcohol. Sylvester's intervention as a matter of right stems from his interest in Epsom Pizza's insurance policy and its coverage of the claims at issue in the underlying case.

## Background

On November 29, 1997, Tricia Reeves consumed alcohol at the Epsom House of Pizza, Inc., in Epsom, New Hampshire. After leaving the establishment Reeves struck Erich Sylvester while driving her vehicle along Route 4 in Chichester, New Hampshire, seriously injuring Sylvester.

Sylvester, by his mother and next of friend, brought an action against Epsom Pizza for negligent and reckless service of alcoholic beverages. At the time Epsom Pizza was insured under an insurance policy issued by Commercial Union. Based upon a liquor liability exclusion clause, the defendant refused to provide coverage or defend Epsom Pizza. On July 1, 1998, Epsom Pizza filed this action in the Merrimack County Superior Court seeking a declaratory judgment that Commercial Union must defend Epsom Pizza in the underlying suit brought by Sylvester against Epsom Pizza. Epsom Pizza also seeks a declaratory judgment that it is entitled to liquor liability coverage.

## Standard

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Snow v.

<u>Harnischfeger Corp.</u>, 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting <u>Wynne v. Tufts Univ. Sch. of Med.</u>, 976 F.2d 791, 794 (1st Cir. 1992)). The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Quintero de Quintero v. Aponte-Roque</u>, 974 F.2d 226, 227-28 (1st Cir. 1992). The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences in that party's favor.'" <u>Mesnick v. General Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990)). However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

3

Commercial Union moves for summary judgment arguing that the insurance policy unambiguously excludes from coverage liability that arises from alcohol sales. The plaintiff objects, arguing that even when a policy unambiguously excludes coverage, coverage may still be found to exist if the insured reasonably believed that there was such coverage based upon prior dealings between the parties or their representatives.[2] The defendant counters that consideration of the prior dealing between the parties is relevant only when an ambiguity has been found to exist in the insurance policy.

Contrary to the defendant's interpretation of New Hampshire law, the New Hampshire Supreme Court has determined:

> Where the terms of [an insurance] policy are clear and unambiguous an insured may not reasonably expect coverage <u>unless</u> the parties prior dealings would lead the insured to form a reasonable belief that the policy provided him the claimed coverage, or <u>unless</u> the insured's reliance on the (insurer's) agent's assurances was reasonable so as to estop the company from denying coverage.

<u>Trefethen v. New Hampshire Ins. Group</u>, 138 N.H. 710, 714 (1994) (quoting <u>Robbins Auto Parts, Inc., v. Granite State Ins. Co.</u>, 121

---

[2]In its objection, Epsom Pizza does not appear to contest the lack of ambiguity in the liquor liability exclusion clause.

N.H. 760, 762-63 (1981)) (internal citations and quotations omitted). In Trefethen, the insured, store owners, requested that they be insured for "everything" and the agent responded he would add coverage immediately. 138 N.H. at 714. There was no specific mention of liquor liability, and although the agent was aware that alcohol was sold by the store, the policy that was issued contained a liquor liability exclusion. See id. Thereafter, two teens who had allegedly bought alcohol at the store were involved in a vehicular accident and the store owners were sued.

The insurance company denied coverage and the store owners brought a declaratory judgment action seeking a judgment that coverage existed and requiring the insurance company to defend the underlying action. In rejecting the insurance company's argument premised upon the liquor liability exclusion clause, the New Hampshire Supreme Court affirmed the lower court's conclusions that coverage existed, holding

> that the plaintiffs' reasonable expectations of coverage based on prior dealings with [the insurance company's] agent may be enforced despite clear and unambiguous policy language to the contrary.

138 N.H. at 714.[3]

---

[3]In Trefethen, the court's holding was also premised in part upon the non-delivery of the insurance policy. 138 N.H. at 714.

Similarly, in <u>Boyce v. Concord Gen. Mut. Ins. Co.</u>, 121 N.H. 774, 779-80 (1981), the insured asked an agent to replace his existing policy, which covered a trailer, with a duplicate policy.  However, the replacement policy did not cover the trailer and the agent did not inform the insured of this fact. <u>Id.</u> at 780.  The New Hampshire Supreme Court determined that the insured was entitled to coverage, despite unambiguous policy language to the contrary, because the insured reasonably believed coverage existed given the prior dealings between the parties. <u>See</u> <u>id.</u>

<u>Manchester Security Serv, Inc. v. London & Edinburgh Ins. Co.</u>, No. 94-193-JD (Mar. 18, 1996), relied upon by the defendant, is not to the contrary.  <u>Manchester</u> stands for the proposition that prior dealings may be used to clarify ambiguity found in a policy.  <u>See</u> <u>id.</u>, slip op. at 2-3.

In this case the owner of Epsom House of Pizza, Dimakarakos, attested to the following:  (1) in 1993 he asked Sclarin, an insurance agent at Epsom Insurance Agency, to provide Dimakarakos with insurance coverage for "Epsom House of Pizza's operations," Dimakarakos Aff. at 1; (2) Sclarin knew that beer and wine were sold at Epsom Pizza; (3) Sclarin never mentioned any liquor liability exclusion in the Commercial Union policy or offered separate liquor liability coverage; (4) in 1995, the dining area

6

of Epsom Pizza was expanded and Dimakarakos requested coverage for the additional space and operations;[4] (5) at this time Sclarin did not state that liquor liability coverage was needed, nor did he mention the availability of liquor liability coverage, although he knew that Epsom Pizza sold beer and wine;[5] (6) the first time liquor liability coverage was discussed was after the Reeves accident when Dimakarakos requested that Sclarin review the existing liability policy and Sclarin informed him Epsom Pizza was not covered for liquor liability; and (7) prior to this date Dimakarakos believed he was insured for liquor liability.[6]

On these facts, a genuine issue of material facts exists as to whether Dimakarakos reasonably believed based upon the prior dealings of the parties that he was insured for liquor liability. The discrepancies between the affidavits of Sclarin and

---

[4]The record indicates that the expansion involved the addition of "The Sports Bar" as a part of Epsom Pizza's operations.

[5]The record indicates that Sclarin altered the existing policy to provide for additional coverage, although the liquor liability cause was extant.

[6]These do not constitute findings of fact of the court.

Dimakarakos create a triable issue.[7]

Conclusion

In light of the above discussion, the defendant's motion for summary judgment is denied (document no. 12).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge


July 16, 1999

cc:  Paula T. Rogers, Esquire
     Andrew D. Dunn, Esquire
     Robert A. Stein, Esquire

---

[7]In support of its motion, Commercial Union offers the affidavit of Michael Sclarin, an agent of the Epsom Insurance Agency, who sold the insurance policy to Epsom Pizza.  Sclarin attests that he explicitly discussed coverage for alcohol sales with Anthony Dimakarakos, the owner of Epsom Pizza, but Dimakarakos declined the coverage as it was too expensive and it required training his bartenders.  In his affidavit Dimakarakos expressly denied Sclarin's statements concerning conversations regarding liquor liability coverage.