Original
Nos. 97-783
    97-785

### PETITION OF FLOYD W. HOYT, N.D.
### PETITION OF CAROLE E. ROBINSON, N.D.

(New Hampshire Board of Naturopathic Examiners)

April 21, 1999

*Borofsky, Lewis & Amodeo-Vickery, P.A.*, of Portsmouth (*John M. Lewis* on the brief and orally), for the petitioners.

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State, as *amicus curiae*.

JOHNSON, J. The petitioners, Floyd W. Hoyt, N.D., and Carole E. Robinson, N.D., challenge the decision of the New Hampshire Board of Naturopathic Examiners (board), *see* RSA 328-E:7, :8 (1995 & Supp. 1998), denying their applications for licensure. *See* RSA 328-E:9 (1995). We reverse and remand.

The petitioners, both 1995 graduates of the National College of Naturopathic Medicine (National College), applied to the board for a license allowing them to practice naturopathic medicine in New Hampshire. The board denied both applications because the petitioners did not provide the board with documentation demonstrating that they had passed a competency-based exam as required by RSA 328-E:9, I(a). This appeal followed.

As an initial matter, we address the jurisdictional basis for our review. Both petitioners filed what purport to be appeals pursuant to RSA 541:6 (1997) and Supreme Court Rule 10. We ordered both parties to brief the question of whether this proceeding is properly

brought by petition for a writ of certiorari, *see* RSA 490:4 (1997); SUP. CT. R. 11, or as an appeal under RSA 541:6 and Rule 10.

■ We hold that review of a decision of the board is properly sought through a petition for a writ of certiorari. Appeals from administrative proceedings may be taken under RSA chapter 541 only "[w]hen so authorized by law." RSA 541:2 (1997); *see, e.g., Petition of Ann Crane*, 132 N.H. 293, 296, 564 A.2d 449, 450 (1989).

> We have interpreted this clause to mean that the provisions of [chapter 541] do not provide an appeal from the determination of every administrative agency in the state. Unless some reference is made to chapter 541 in any given statute, an appeal under the provisions of chapter 541 is not authorized by law.

*Petition of Lorden*, 134 N.H. 594, 597, 594 A.2d 1303, 1304 (1991) (quotations and brackets omitted). RSA chapter 328-E provides no such authorization, and as such, the petitioners are not entitled to pursue a direct appeal pursuant to RSA chapter 541. *See id.*

Although the petitioners improperly filed appeals under RSA chapter 541, we will consider their appeals as a petition for a writ of certiorari. *See Appeal of Connolly*, 122 N.H. 678, 680, 448 A.2d 422, 423 (1982). It is well-established that "our practice permits consideration of their petition as one for writ of certiorari," *Appeal of Tamm*, 124 N.H. 107, 110, 469 A.2d 1291, 1293 (1983), even though the appealing party is mistaken regarding the appropriate appellate remedy. *Id.* We review the board's decision to determine "whether the [board] acted illegally with respect to jurisdiction, authority or observance of the law, whereby [it] arrived at a conclusion which could not legally or reasonably be made, or abused [its] discretion or acted arbitrarily, unreasonably, or capriciously." *Petition of Croteau*, 139 N.H. 534, 536, 658 A.2d 1199, 1201 (1995) (quotation and ellipses omitted).

We now address the substantive issue before us. The petitioners contend that they are not required, under RSA 328-E:9, I(b), to pass a competency exam in order to qualify for licensure. RSA 328-E:9, I, provides in pertinent part:

> To be eligible for a license to practice naturopathic medicine, the applicant shall:
>
> (a) Be a graduate of a naturopathic medical college which is accredited by the Council on Naturopathic Medical Education . . .; and pass a competency based examination

prescribed by the board covering the appropriate naturopathic subjects; or,

(b) Be a graduate of a naturopathic medical college which has been approved by the board as having appropriate education standards for naturopathic medical programs which granted degrees prior to 1981.

The board stipulated that as a matter of fact the petitioners' educational qualifications satisfied the standard set forth by RSA 328-E:9, I(b) because the National College was accredited in 1991 before the petitioners graduated, *see* RSA 328-E:2, II(a) (1995), and also granted degrees of naturopathic medicine prior to 1981. The board held, however, that as a matter of law, the petitioners could not avail themselves of subparagraph (b) because the statute's intent is that "all graduates of schools which were accredited at the time of the applicant's graduation were expected to pass the [competency] examination." Therefore, the board determined that even though the petitioners factually qualify under subparagraph (b), they must take a competency exam because they graduated from the National College four years after it was formally accredited.

We hold that the board erred in concluding that subparagraph (b) applies only to those individuals who graduated from an unaccredited naturopathic medical school which issued degrees prior to 1981. "On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Farrow*, 140 N.H. 473, 474, 667 A.2d 1029, 1031 (1995) (quotation omitted). "It is well established law that the intention of the legislature expressed by the words in the statute itself is the touchstone to its meaning." *Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). Accordingly, we look first to a statute's plain meaning to determine legislative intent, *see Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994), and refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute. *See Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994).

RSA 328-E:9, I, by using the disjunctive "or," establishes two alternative ways that an applicant may satisfy the academic requirements for licensure. *Cf. Unit Owners Assoc. of Summit Vista v. Miller*, 141 N.H. 39, 45, 677 A.2d 138, 142 (1996). The first involves graduation from an accredited naturopathic medical college and successful completion of a competency exam; the second requires graduation from an "approved" naturopathic college that granted

degrees prior to 1981. *See* RSA 328-E:9, I. The statute's plain language contains no indication that the latter provision is reserved only for applicants who graduated before the institution was accredited. The board erred by expanding the scope of the statute's terms beyond their plain meaning, *see Astro Spectacular*, 138 N.H. at 300, 639 A.2d at 250, and we reverse its order denying the petitioners' applications for licensure on that basis.

The State, acting as *amicus curiae*, argues that adopting the petitioners' interpretation of the statute — that they could avail themselves of either paragraph I(a) or I(b) — would in effect nullify the language of subparagraph (a). We disagree. The statute's use of the disjunctive term "or" manifests an intent that either provision be available as a basis for license qualification. *Cf. State v. Rothe*, 142 N.H. 483, 485, 703 A.2d 884, 885 (1997). Furthermore, subparagraph (a) remains relevant to applicants graduating from naturopathic medical colleges established after 1981.

Finally, because we reverse on statutory grounds, we need not address the petitioners' argument that the board's decision violated their constitutional rights. *See Olson v. Town of Fitzwilliam*, 142 N.H. 339, 345, 702 A.2d 318, 322 (1997). Accordingly, we reverse the decision of the board and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.