Plymouth District Court
No. 98-220

THE STATE OF NEW HAMPSHIRE

v.

ALISON M. CLYDE

November 15, 2000

*Philip T. McLaughlin,* attorney general (*Constance N. Stratton,* assistant attorney general, on the brief and orally), for the State.

*Gabriel Nizetic,* of Plymouth, by brief and orally, for the defendant.

NADEAU, J. The defendant, Alison M. Clyde, appeals from her conviction in the Plymouth District Court (*Kent*, J.) on a charge of driving while under the influence of intoxicating liquor. *See* RSA 265:82, I(a) (Supp. 1999). The defendant argues, among other things, that there was insufficient evidence at trial to support her conviction, and that the trial court erred in failing to find that evidence of her blood alcohol concentration of 0.03 was *prima facie* evidence of non-impairment under RSA 265:89. We reverse.

The nineteen-year-old defendant was stopped by the arresting officer because the headlight on her car was not operational. In response to the officer's flashing lights, the defendant pulled over and stopped about six or eight feet from the curb. Although the officer detected an odor of alcohol and observed that the defendant's eyes were glassy, she testified that she observed no indication of impaired operation before she stopped the defendant.

After her arrest, the defendant submitted to a breath test which showed a blood alcohol concentration (BAC) of 0.03. The complaint charges the defendant with violation of "RSA 265:82 . . . in that the defendant did drive a vehicle upon any way *while under the influence of intoxicating liquor*." (Emphasis added.)

During her bench trial, the defendant moved for a directed verdict at the close of the State's case, arguing that the evidence of impairment was insufficient to justify a finding of guilt beyond a reasonable doubt. She argued that her BAC of 0.03 was *prima facie* evidence of non-impairment under RSA 265:89.

In denying the motion, the court found that the State had produced evidence that the defendant suffered "a slight degree of impairment" and ruled as follows:

> The Court finds RSA 265:82 that discusses a .02 for under age drinker is inconsistent with 265:89. The Court rules that the statute was not intended to exculpate a person under twenty one years of age whose BAC is .02 or .03.

When reviewing the sufficiency of the evidence, we ask "whether, based upon all the evidence and all reasonable inferences from it, when considered in a light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt" that the defendant was guilty. *State v. Merritt*, 143 N.H. 714, 717, 738 A.2d 343, 346 (1999) (quotation omitted).

RSA 265:82 provides:

> I. No person shall drive or attempt to drive a vehicle upon any way:
> (a) While such person is under the influence of intoxicating liquor . . . or

(b) While such person has an alcohol concentration of 0.08 or more or in the case of a person under the age of 21, 0.02 or more.

Although the complaint does not specifically cite to RSA 265:82, I(a) or (b), the parties do not dispute that the complaint charged the defendant with violating subparagraph I(a) because she drove while "under the influence of intoxicating liquor." Consequently, we must determine whether RSA 265:89 applies when, as here, the defendant is charged with driving while "under the influence of intoxicating liquor." RSA 265:82, I(a).

RSA 265:89 provides, in relevant part, that "the court may admit evidence of physical testing of the defendant for being under the influence of intoxicating liquor" and that "[e]vidence that there was, at the time alleged, an alcohol concentration of 0.03 or less is *prima facie* evidence that the defendant was *not under the influence of intoxicating liquor*." RSA 265:89 (1999) (emphasis added).

"On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Petition of Hoyt*, 143 N.H. 533, 535, 727 A.2d 1001, 1002-03 (1999) (quotation omitted). "When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other . . . ." *Rye Beach Country Club v. Town of Rye*, 143 N.H. 122, 126, 719 A.2d 623, 625 (1998) (quotation omitted).

■ We conclude that RSA 265:82 and RSA 265:89 are neither inconsistent nor conflicting. Under the plain language of the statute, the presumption described in RSA 265:89 that a defendant with a BAC of .03 or less is not "under the influence of intoxicating liquor" applies only when a defendant has been charged with violating RSA 265:82, I(a). Of the two offenses described in RSA 265:82, only subparagraph I(a) requires proof of being "under the influence of intoxicating liquor." RSA 265:82, I(a). Because the offense described in subparagraph I(b) requires proof of a particular alcohol concentration, the presumption of RSA 265:89 regarding being "under the influence" is inapplicable. *See* RSA 265:82, I(b).

■ We conclude, therefore, that the trial court erred in failing to find that the defendant's alcohol concentration of 0.03 is *prima facie* evidence that she was not under the influence of intoxicating liquor. The defendant is entitled to the benefit of the presumption of non-impairment contained in RSA 265:89.

A review of the record, however, does not support a finding that the State rebutted the presumption of non-impairment. The arresting officer admitted that she observed no "indicia of impaired driving" prior to arresting the defendant except that the defendant pulled over and stopped six to eight feet from the curb. When asked to describe the defendant's performance on the field sobriety tests, the officer admitted that she passed one test. She said that on two others there "could[] have been a slight impairment" and "might have been a slight impairment"; that on the fourth test "there was a slight impairment"; and that the last test was not performed to the officer's satisfaction. When pressed on the basis of her conclusion of impairment, however, the officer stated, "I didn't think she was going to be over the adult legal limit of an .08 . . . I felt that she was impaired over the legal limit for her age."

We conclude that even considering the evidence in the light most favorable to the State, no rational finder of fact could find that the State met its burden to prove the defendant's guilt beyond a reasonable doubt. Therefore, the trial court erred in denying the motion for directed verdict.

*Reversed.*

BROCK, C.J., and HORTON, BRODERICK, and DALIANIS, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.