Dover District Court
No. 2001-352

THE STATE OF NEW HAMPSHIRE

v.

JOHN D. MCCOOEY

Argued: May 1, 2002
Opinion Issued: July 22, 2002

*Philip T. McLaughlin,* attorney general (*Susan P. McGinnis,* attorney, on the brief and orally), for the State.

*Edward T. Clancy,* of Dover, by brief and orally, for the defendant.

BROCK, C. J. The defendant, John D. McCooey, appeals his conviction in Dover District Court (*Morrison,* J.) for disorderly conduct. RSA 644:2, III(b) (1996). He argues that the evidence was insufficient, his First Amendment rights were violated, and the complaint was facially deficient. We reverse.

In March 2001, the defendant, a senior at Dover High School, was in Marjorie Spaulding's English class. Toward the end of the period, the defendant asked Ms. Spaulding for a hug. He then commented that if she did not hug him, he would or might shoot up the school. After the class, although she felt the defendant's comment was sarcastic, Ms. Spaulding reported it to his guidance counselor. Thereafter, she returned to her

teaching duties. Ms. Spaulding testified that her class schedule was not disrupted for the rest of the day.

Subsequently, the Dover Police Department dispatched two detectives after being notified that a possible threat had been made at the school. The police interviewed Ms. Spaulding, the principal and the school resource officer. The detectives also searched the defendant's home. They left after finding no weapons, but later arrested the defendant for disorderly conduct.

After a trial, the defendant was found guilty of disorderly conduct. His motions to dismiss and for reconsideration were denied.

On appeal, the defendant first argues that there was insufficient evidence for the State to prove that the defendant caused a disruption within the meaning of the statute. We agree.

RSA 644:2, III(b) provides that:

> A person is guilty of disorderly conduct if:
>
> . . .
>
> III. He purposely causes a breach of the peace, public inconvenience, annoyance or alarm, or recklessly creates a risk thereof, by:
>
> . . .
>
> (b) Disrupting the orderly conduct of business in any public or governmental facility.

"When reviewing the sufficiency of the evidence, we ask whether, based upon all the evidence and all reasonable inferences from it, when considered in a light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty." *State v. Clyde*, 145 N.H. 388, 389 (2000) (quotations omitted).

The trial court ruled that the defendant caused a disruption because the time and attention of the faculty and administration was taken to deal with the incident and police presence at the school drew students' attention away. The State asserts that Ms. Spaulding's testimony that students heard the defendant's comments and that she was concerned about sensitive students in the class showed there was a disruption. Also, it contends that the mere presence of police in the school drew students' attention away, causing a disruption. Further, the State argues that the police interviews of Ms. Spaulding and the principal disrupted the school day.

We will not presume that a defendant's conduct caused a disruption when such a charge is unsupported by evidence. *Cf. State v. Murray*, 135 N.H. 369, 373 (1992) (court will not presume persons were inconvenienced, annoyed or alarmed by defendant's conduct). First, Ms. Spaulding's testimony that she was concerned that some of her students may have been affected does not evidence a disruption. Rather, because she testified that the students in her class did not react to the defendant's comment, her testimony tended to show there was no disruption. Also, the State did not present evidence that students became unruly or were unable to pay attention to their lessons because police detectives were present on school grounds. One student testified only that she noticed the police. Finally, while the State asserts that the police interviews were a disruption, it offered no evidence that either Ms. Spaulding or the principal was taken away from classes or administrative duties. Ms. Spaulding, in fact, testified that her class schedule was not disrupted for the rest of the day. On the evidence presented, we conclude that no rational trier of fact could find beyond a reasonable doubt that the defendant disrupted the orderly conduct of business at the school. The State presented insufficient evidence to prove beyond a reasonable doubt that there was a disruption.

In view of the result reached, we need not address the defendant's remaining arguments.

*Reversed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.