Claremont District Court
No. 2003-189

## IN RE JUVENILE 2003-189

Submitted: September 12, 2003
Opinion Issued: October 14, 2003

*Peter W. Heed*, attorney general (*Ann F. Larney*, associate attorney general, on the brief), for the State.

*Elliott, Jasper, Auten & Shklar, LLP*, of Newport (*Michael C. Shklar* on the brief), for the juvenile.

## MEMORANDUM OPINION

DALIANIS, J. In this interlocutory appeal, the juvenile appeals from an order of the Claremont District Court (*Rappa*, J.) denying his motion to dismiss the children in need of services (CHINS) petition brought by his school. *See* SUP. CT. R. 8; RSA ch. 169-D (2002). We reverse and remand.

The relevant facts follow. In November 2002, the school filed a CHINS petition alleging that, from August 28, 2002, to November 20, 2002, the juvenile, an eighth grade student, had been suspended from school for

eight days and had received five detentions. The petition alleged the juvenile had disrupted class, failed to respect property and people, failed to follow directions, harassed others, used obscene language with staff, and stolen. The juvenile moved to dismiss the petition on the ground that it failed to allege a legal basis for relief. The court disagreed, ruling that the school brought the petition under RSA 169-D:2, IV(b) as a "custodian."

The sole issue on appeal is whether a school is a "custodian" for the purpose of a CHINS petition brought under RSA 169-D:2, IV(b). Because the interpretation of a statute is a question of law, we review the trial court's decision de novo. Pennelli v. Town of Pelham, 148 N.H. 365, 366 (2002).

On questions of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of a statute taken as a whole. Petition of Hoyt, 143 N.H. 533, 535 (1999). To discern legislative intent, we examine the language of the statute and ascribe the plain and ordinary meaning to its words. Franklin Lodge of Elks v. Marcoux, 149 N.H. 581, 585 (2003). We do not consider statutory language in isolation, however, but within the context of the overall statutory scheme. Nault v. N & L Dev. Co., 146 N.H. 35, 37 (2001).

The trial court ruled that the petition stated a legal basis for relief under RSA 169-D:2, IV(b), which permits a court to find that a child is in need of services who "habitually runs away from home, or who repeatedly disregards the reasonable and lawful commands of his parents, guardian, or custodian and places himself or others in unsafe circumstances." The court reasoned that the school was a "custodian" under the statute and implied that the petition was legally sufficient because it alleged the juvenile repeatedly disregarded the school's commands.

■ The trial court's reasoning is flawed. Although RSA chapter 169-D does not define the word "custodian," we derive its meaning from how the word is used throughout the chapter, which is to signify one who has custody of the child. See RSA 169-D:2, IV(b) (referring to "parents, guardian, or custodian"); RSA 169-D:5, I (referring to a "parent, legal guardian or custodian"); RSA 169-D:8, II (referring to "parents, guardian or other custodian"); RSA 169-D:10 (referring to "parent, guardian or custodian"); RSA 169-D:14, III (referring to "parents, guardian, or person having custody"); RSA 169-D:17, I(a)(1) (referring to "parent, guardian, relative or custodian"); cf. RSA 169-C:3, X (2002) (defining "custodian" as "an agency or person, other than a parent or guardian, licensed pursuant to RSA 170-E to whom legal custody of the child has been given by court order."). Accordingly, we conclude that a school is not a "custodian" under RSA 169-D:2, IV(b). On remand, the trial court may determine whether

the CHINS petition otherwise alleges a legal basis for relief under RSA 169-D:2, IV.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.