Original
No. 2003-607

PETITION OF TERRY M. BENNETT
(New Hampshire Insurance Department)

Argued: May 5, 2004
Opinion Issued: June 21, 2004

*Douglas, Leonard & Garvey, P.C.*, of Concord (*Charles G. Douglas, III* and *Benjamin T. King* on the brief, and *Mr. Douglas* orally), for the plaintiff.

*Peter W. Heed,* attorney general (*Suzanne M. Gorman,* senior assistant attorney general, on the brief and orally), for the New Hampshire Insurance Department.

BRODERICK, C.J. The plaintiff, Terry Bennett, appeals the order of an insurance department hearing officer dismissing, without prejudice, a notice of hearing issued by the insurance commissioner. We reverse and remand.

The record supports the following facts. On June 16, 1993, the plaintiff contracted with United Risk Management (URM) for an ITT Hartford Group, Inc. homeowner's insurance policy in the face amount of one million dollars, to be written by Twin City Fire Insurance Company. On August 2, 1993, a fire destroyed the plaintiff's home. ITT Hartford Group, Inc. subsequently paid the one million dollar face amount of the policy. For discussion of the facts surrounding the plaintiff's earlier appeal to this court, see *Bennett v. ITT Hartford Group, Inc.,* 150 N.H. 753 (2004). The plaintiff claims that he also contracted with URM for replacement cost coverage that would have entitled him to additional coverage in excess of one million dollars. He claims that ITT Hartford Group, Inc. and Twin City Fire Insurance Company (collectively, Hartford) deleted this coverage from his policy without notice.

On May 20, 2003, the plaintiff filed a complaint with the New Hampshire Insurance Department alleging that Hartford had illegally deleted the replacement cost coverage from his policy. On June 11, 2003, the insurance commissioner issued a notice of hearing pursuant to RSA 417:6 (1998) to determine whether Hartford had "engaged in unfair claims settlement practices in violation of RSA 417:4, XV for failing to properly settle claims made by [the plaintiff]." The notice of hearing stated "that it is in the public interest to convene a hearing" and "that there is reason to believe

that [Hartford's] actions may have constituted unfair claims or settlement practices."

Prior to the hearing, a hearing officer dismissed the notice, without prejudice to the insurance department's right "to conduct further investigation of this matter and to take whatever further action it may deem appropriate and warranted under the statute." The hearing officer did so because she determined that the notice of hearing failed to meet the requirements of RSA 417:6 in two respects:

> First, the Notice of Hearing does not allege that the [insurance commissioner] had reason to believe that [Hartford's] actions constituted an unfair or deceptive trade practice. Instead, the Notice of Hearing recites only that the [insurance department] has reason to believe that [Hartford's] actions may have constituted an unfair trade practice. This recitation is on its face insufficient to meet the requirements of the statute. Secondly, the Notice of Hearing does not propose any regulatory sanction, thus raising a question as to the basis for the determination that a hearing on this matter would be in the public interest. Although the statute does not mandate a regulatory sanction for a violation of RSA 417, it is difficult to reconcile the required determination that a proceeding under RSA 417 would serve the public interest with the absence of a regulatory sanction.

(Emphasis omitted.) The plaintiff's motion for rehearing was denied, and this appeal followed.

The plaintiff argues that the hearing officer erred by: (1) unlawfully, unjustly, and unreasonably dismissing the notice of hearing; and (2) depriving him of his constitutionally protected right to a remedy for injuries inflicted upon him, as guaranteed by Part I, Article 14 of the New Hampshire Constitution.

The insurance department contends that the plaintiff has no statutory right to appeal the hearing officer's order under RSA chapter 541. We first address whether the plaintiff's appeal is properly before us.

■ It is well settled that "[a]ppeals from administrative proceedings may be taken under RSA chapter 541 only when . . . authorized by law." *Petition of Hoyt*, 143 N.H. 533, 534 (1999) (quotation and brackets omitted). RSA 417:11 (1998) provides that parties "aggrieved by any order or decision of the insurance commissioner pursuant to RSA 417:10 shall be entitled to an appeal to the supreme court in accordance with the provisions of RSA 541." In this case, the insurance commissioner never

issued such an order or decision. Accordingly, the plaintiff has no statutory right of appeal under RSA chapter 541.

 This holding, however, does not preclude us from recasting the current appeal as a petition for writ of certiorari, because our long-standing practice permits us to consider an appeal mistakenly taken under RSA chapter 541 as a petition for writ of certiorari. *See id.* "Certiorari is an extraordinary remedy, which is not granted as a matter of right but rather only when the court deems that the substantial ends of justice require such relief." *Appeal of Tamm*, 124 N.H. 107, 110 (1983) (quotation omitted). In this case, the plaintiff's appeal will be treated as a petition for writ of certiorari. The scope of review on a petition for writ of certiorari is confined to a determination of whether the hearing officer acted illegally with respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not be legally or reasonably made or acted arbitrarily, capriciously or with an unsustainable exercise of discretion. *See Appeal of McDonough*, 149 N.H. 105, 110 (2003).

The plaintiff argues that the hearing officer unlawfully, unjustly, and unreasonably dismissed the notice of hearing. We agree. The hearing officer dismissed the notice of hearing because it recited only that the insurance department had reason to believe that Hartford's actions may have constituted an unfair trade practice, and not that the commissioner had reason to believe that Hartford's actions did, in fact, constitute an unfair trade practice.

██ RSA 417:6 requires the insurance commissioner to issue a notice of hearing "[w]henever the commissioner shall have reason to believe that any [person engaged in the business of insurance in this State] has been engaged or is engaging in any unfair method of competition or any unfair or deceptive act or practice defined in RSA 417:4, and that a proceeding by the commissioner in respect thereto would be to the public interest." We have consistently stated that under this provision, the insurance commissioner need only suspect a violation of RSA 417:4 in order to properly issue a notice of hearing. *See Bell v. Liberty Mut. Ins. Co.*, 146 N.H. 190, 193 (2001); *Appeal of Metropolitan Prop. & Liabil. Ins. Co.*, 120 N.H. 733, 737 (1980). A fair reading of the notice of hearing in this case demonstrates that the insurance commissioner suspected that Hartford committed a violation of RSA 417:4. The phrase "may have" preceding "constituted" merely reflects the fact that a violation of RSA 417:4 had yet to be conclusively established. Indeed, the purpose of the subsequent hearing would be to determine whether a violation actually occurred. *See* RSA 417:10. The statement in the notice of hearing that "there is reason to believe that [Hartford's] actions may have constituted unfair claims or

settlement practices" was not "on its face insufficient to meet the requirements of [RSA 417:6]."

The hearing officer also dismissed the notice of hearing because it did "not propose any regulatory sanction, thus raising a question as to the basis for the determination that a hearing on this matter would be in the public interest." The hearing officer acknowledged, however, that RSA 417:6 "does not mandate a regulatory sanction." RSA 417:6 simply requires that the insurance commissioner have reason to believe that a proceeding regarding the violation "would be to the public interest." Since the insurance commissioner found that it was "in the public interest to convene a hearing," the hearing officer further erred in dismissing the notice of hearing for failing to propose a regulatory sanction. Accordingly, we order that the notice of hearing be reinstated. Nothing in this opinion, however, impedes the insurance commissioner from exercising whatever discretion he may have to act upon the notice of hearing upon remand.

The insurance department contends that "[t]he Commissioner's subsequent failure to [issue a new notice of hearing] for a period of 120 days after the dismissal without prejudice is the equivalent of failing to take action on a complaint for 120 days, which triggers the application of RSA 417:19, II." Therefore, it reasons that because the plaintiff failed to file an appeal under RSA 417:19, II, this appeal is moot. In light of our order that the notice of hearing be reinstated, we need not address this argument.

Finally, the plaintiff argues that the hearing officer's order deprived him of his constitutionally protected right to a remedy for injuries inflicted upon him, as guaranteed by Part I, Article 14 of the New Hampshire Constitution. In light of our order above, we need not address this argument.

*Reversed and remanded.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.