# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2019-0716, <u>Petition of New Hampshire Association of Nurse Anesthetists</u>, the court on March 9, 2021, issued the following order:

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.

The petitioner, New Hampshire Association of Nurse Anesthetists (NHANA), petitioned for a writ of certiorari seeking review of the New Hampshire Board of Medicine's (BOM) declaratory ruling in favor of the New Hampshire Medical Society and the New Hampshire Society of Anesthesiologists (the Societies) that persons using the term "anesthesiologist" in their professional title without a license to practice medicine unlawfully hold themselves out as qualified to practice medicine in violation of RSA 329:24, I. NHANA contends that the BOM erred in four respects. The court is unanimous in agreeing that the BOM did not err with respect to three of the four issues raised in the petition for certiorari; however, the court is equally divided as to whether the BOM exceeded its authority when issuing its ruling. Accordingly, the BOM's ruling is affirmed. <u>See</u> <u>PK's Landscaping, Inc. v. N.E. Telephone Co.</u>, 128 N.H. 753, 758 (1986) (affirming order granting summary judgment by an equally divided court); <u>State v. Murphy</u>, No. 2019-0299 (N.H. August 14, 2020) (affirming defendant's convictions in one sentence order by an equally divided court).

In November 2018, the New Hampshire Board of Nursing (BON) adopted a position statement permitting certified registered nurse anesthetists (CRNAs) to use "Nurse Anesthesiologist" and "Certified Registered Nurse Anesthesiologist" as "accurate descriptors" in their professional title. Subsequently, the Societies filed a petition at the BOM requesting the BOM to issue a declaratory ruling that: (1) anesthesiology is a field of medical practice; and (2) anyone who refers to themselves as an anesthesiologist must have a license to practice medicine. After receiving comments and objections from interested parties, the BOM unanimously granted the Societies' petition and issued the declaratory ruling now in dispute. NHANA then filed the instant petition for certiorari.

Certiorari review is limited to whether the BOM acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably

exercised its discretion or acted arbitrarily, unreasonably, or capriciously. Petition of State of N.H. (State v. Lewandowski), 169 N.H. 340, 341 (2016).

As a threshold matter, the Societies argue that the petition should be dismissed because, under RSA chapter 541, which the Societies contend applies to this action, NHANA was required to file a motion for reconsideration with the BOM. See RSA 541:3, :4 (2007). NHANA, in turn, makes four arguments: (1) the petition is properly before this court because NHANA was not required to file a motion for reconsideration with the BOM before filing the petition for certiorari; (2) the declaratory ruling unconstitutionally restricts commercial speech in violation of the First Amendment; (3) the declaratory ruling is arbitrary and capricious because it did not include factual support for the decision made; and (4) the BOM does not have the authority to issue the declaratory ruling. We address each of NHANA's arguments, with the issue dividing the court addressed last.

First, we agree with NHANA that it was not required to file a motion for reconsideration with the BOM before filing its petition for certiorari. "Appeals from administrative proceedings may be taken under RSA chapter 541 only when so authorized by law." Petition of Hoyt, 143 N.H. 533, 534 (1999) (quotation and brackets omitted); see RSA 541:2 (2007). "Unless some reference is made to chapter 541 in any given statute, an appeal under the provisions of RSA chapter 541 is not authorized by law." Hoyt, 143 N.H. at 534 (quotation omitted). When there is no statute providing for an appeal from the decision of an administrative agency, "review of a decision of the board is properly sought through a petition for a writ of certiorari." Id. Because no statute referencing RSA chapter 541 authorizes an appeal from a declaratory ruling of the BOM, we conclude that NHANA's petition for certiorari is properly before us.

Second, we reject NHANA's argument that the declaratory ruling unconstitutionally restricts commercial speech in violation of the First Amendment. "Commercial speech is defined as 'expression related solely to the economic interests of the speaker and its audience.'" Carlson's Chrysler v. City of Concord, 156 N.H. 399, 402 (2007) (quoting Central Hudson Gas & Elec. v. Public Srv. Comm'n, 447 U.S. 557, 561 (1980)). The use of professional titles, as a general matter, does not implicate the commercial speech doctrine because it does not implicate expression that is related solely to the economic interests of the speaker and its audience. See Central Hudson Gas, 447 U.S. at 563 ("The First Amendment's concern for commercial speech is based on the informational function of advertising.").

Third, notwithstanding the absence of factual findings in the BOM's declaratory ruling, we conclude that the record is sufficient for us to determine the basis for the ruling and to permit meaningful appellate review. See Appeal of Town of Seabrook, 163 N.H. 635, 647 (2012) (explaining that an agency's

ruling will be overturned if there is no evidence in the record to support it). The record before the BOM included, among other things, studies, surveys, and licensure requirements highlighting similarities and differences between CRNAs and physician anesthesiologists and the public's understanding of that distinction. It is evident that those materials formed the foundation for the BOM's conclusion that anesthesiology is a subset of the practice of medicine and professionals who refer to themselves as "anesthesiologists" must hold a license to practice medicine. Accordingly, we conclude the record in this case is sufficient to permit meaningful review of the BOM's ruling, and that in light of the record, the declaratory ruling is neither arbitrary nor capricious. See id. (observing that agency had enough evidence in the record to support its conclusion).

We now turn to the final issue: whether the BOM exceeded its authority when it issued the declaratory ruling. This is the issue on which the court is equally divided.

NHANA argues that the BOM does not have the authority to issue the declaratory ruling in this case. NHANA observes that RSA 329:1, which defines the phrase "practicing medicine," does "not apply to any person whom authority is given by any other statute to perform acts which might otherwise be deemed the practice of medicine," and RSA 326-B:11 authorizes the BON to regulate the practice of CRNAs. NHANA contends that the BOM's authority to issue an order declaring a practice to constitute the unlawful practice of medicine is dependent on the definition of "practice of medicine" set forth in RSA 329:1. Given the BON's authority to regulate CRNAs and the language in RSA 329:1 permitting "any person whom authority is given by any other statute to perform acts which might otherwise be deemed the practice of medicine," and because the BON has approved use of a specific title by CRNAs, NHANA concludes that the BOM cannot declare that the use of that particular title by CRNAs constitutes the unlawful practice of medicine in violation of RSA 329:24, I.

The Societies and BOM argue that the BOM has broad authority to regulate the practice of medicine, see RSA ch. 329 (Supp. 2020), and that the BOM's primary purpose is to protect the public from the unprofessional, improper, incompetent, unlawful, fraudulent, and deceptive practice of medicine. See RSA 329:1-aa (2017). The Societies and BOM further argue that, to advance that purpose, and as required by RSA 541-A:16, I(d), the BOM has adopted rules governing requests for declaratory rulings on matters within its jurisdiction. See N.H. Admin. R. Med 212.01, 212.02. The Societies and BOM observe that RSA 329:24, I, states that whoever "shall advertise oneself as practicing medicine, or shall practice medicine, according to the meaning of RSA 329, or in any way hold oneself out as being qualified so to do" without a license to practice medicine "is engaged in unlawful practice." RSA 329:24, I (2017). The Societies and BOM contend that, because RSA 329:24, III grants

the BOM the power to enforce RSA 329:24, I, it has the authority to prohibit persons not licensed to practice medicine from using professional titles that are commonly used to describe physicians practicing in a particular field of medicine.

Two members of this court believe that the BOM's statutory authority is limited to "physicians" and that RSA chapter 329 does not authorize it to regulate the use of titles or specialties by non-physicians who are authorized by other statutes or regulations to provide medical services, particularly where, as here, the title at issue would be modified by the antecedent term "nurse," which removed it from the BOM's jurisdiction. These two members of the court would hold that the BOM's declaratory ruling is ultra vires. Two other members of the court agree with the Societies and BOM that RSA chapter 329 broadly authorizes the BOM to regulate the practice of medicine, including the authority to limit the use of titles by non-physicians, and would affirm. The court's disagreement on this issue evidences the degree of uncertainty regarding the extent of the BOM's regulatory authority under the current statutory scheme. Clarification as to the scope of the regulatory authority of the BOM in this arena implicates public policy determinations that are better left to the legislature. See Appeal of Northridge Envtl., LLC, 168 N.H. 657, 662 (2016).

The court, having affirmed the BOM on the first three issues, and being equally divided regarding the fourth issue, affirms the order of the BOM.

Affirmed.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., participated.


**Timothy A. Gudas,**
**Clerk**