# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0572, <u>State of New Hampshire v. Paul J. Pagliarulo</u>, the court on January 11, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Paul J. Pagliarulo, appeals his conviction, following a bench trial, of violation-level disorderly conduct. <u>See</u> RSA 644:2, III(b) (2016). He argues that the Circuit Court (<u>Greenhalgh</u>, J.) erred by denying his motions to dismiss the case on the ground that the State had failed to introduce sufficient evidence to prove his guilt beyond a reasonable doubt. We reverse.

"A challenge to the sufficiency of the evidence presents a question of law; our standard of review is therefore <u>de</u> <u>novo</u>." <u>State v. Cullen</u>, 175 N.H. 628, 630 (2023). "To prevail upon this challenge, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, could have found the essential elements of the offense beyond a reasonable doubt." <u>Id</u>. "Because the defendant chose to present a case after his motion to dismiss was denied, we review the entire trial record when evaluating the sufficiency of the evidence." <u>Id</u>.

In this case, the defendant was charged with "purposely caus[ing] a breach of the peace, public inconvenience, annoyance or alarm, by disrupting the orderly conduct of business at the Bartlett Jackson Transfer Station, a public or governmental facility operated by the Town of Bartlett, by getting very close and in the face of . . . an employee, all while yelling at [the employee] because [the employee] questioned him about a dump sticker." <u>See</u> RSA 644:2, III(b). At the close of the State's case, the defendant moved to dismiss the charges on the ground that the State had failed to introduce sufficient evidence to prove guilt beyond a reasonable doubt. Specifically, the defendant argued that the State had failed to prove (1) that he caused a breach of the peace, public inconvenience, annoyance or alarm; (2) that he actually disrupted the orderly conduct of business at the transfer station; and (3) that he acted purposely.

The State countered that the defendant caused a breach of the peace because other customers heard the commotion and stopped to watch what was taking place, and argued that the defendant purposely caused a disruption by interfering with an employee and the employee's supervisor's ability to do their jobs. The trial court denied the defendant's motion from the bench.

After the defendant presented his case, he renewed his motion to dismiss. The trial court again denied the motion, reasoning that the evidence could support findings that the defendant's yelling and conduct during his interaction with the employee reasonably caused alarm, and that, by attempting to use the transfer station without a valid town sticker on the vehicle, the defendant had disrupted the orderly conduct of business at the transfer station. Thereafter, the parties made their closing arguments, and the trial court took the matter under advisement. Subsequently, the trial court issued a narrative order finding the defendant guilty of disorderly conduct, and this appeal followed.

We agree with the defendant that the evidence was insufficient to support his conviction. Although it is undisputed that the defendant is a town resident with town stickers on his vehicles, the evidence demonstrates that, on this occasion, apparently due to a medical issue, he was driven to the transfer station by his brother, who did not have a valid sticker on his vehicle. As a result, an employee of the transfer station attempted to stop the defendant from dumping his trash, and an argument ensued. Nevertheless, the evidence demonstrates that the police were not called, and there is no evidence that any other customers were blocked or hindered from dumping their trash. Additionally, the evidence demonstrates that the employee's supervisor, who heard the commotion, did not find it necessary to interrupt his work helping a different customer in order to address the situation. Moreover, once the supervisor finished with the other customer, and the employee asked him to assist with the dispute, the issue was quickly resolved, the defendant left, and the employee continued working his shift for the day. In sum, although the evidence demonstrates that the employee was "upset" about the argument, there is no evidence that the operation of the transfer station was actually disrupted, even when the evidence is viewed in the light most favorable to the State.

The State, however, argues otherwise, contending that the defendant "briefly stalled the orderly operation of the transfer station" by creating a commotion that other customers stopped to observe, and which caused the employee to "abandon his job of managing the appropriate disposal of trash." We disagree. First, as noted above, although some customers may have stopped to observe the argument, none were blocked or hindered from going about their business at the transfer station. Second, we are not persuaded that, in dealing with the defendant, the employee was forced to "abandon" his job, especially given that he testified that the scope of his duties included interacting with customers, and ensuring that vehicles entering the transfer station have the appropriate town stickers. Indeed, he testified that, in the course of performing his job, people yell at him "[o]ften." Thus, based upon our review of the record, we conclude that no rational trier of fact could have found that the defendant's actions, although perhaps not model behavior, amounted to disorderly conduct within the meaning of RSA 644:2, III(b). See, e.g., State v. McCooey, 148 N.H. 86, 86-88 (2002) (stating that "[w]e will not presume that a defendant's conduct

2

caused a disruption when such a charge is unsupported by evidence," and holding that student's class-time comment that he would "shoot up" school if teacher did not hug him did not disrupt orderly operation of school despite teacher's concern that other students were affected, and despite subsequent police presence and interviews); State v. Comley, 130 N.H. 688, 692-93 (1988) (holding that defendant did disrupt orderly operation of State House when evidence demonstrated that, in apparent protest of nuclear power plant, "defendant voluntarily ran through Representatives Hall and yelled, that his behavior necessitated his removal by security officers, and that the entire episode interfered with the performance by the Sergeant-at-Arms of one of his duties in the inaugural ceremonies").

To the extent that the trial court also found the defendant guilty of disorderly conduct under RSA 644:2, III(a), we note that he was not charged with that variant of disorderly conduct. Even if he had been charged under RSA 644:2, III(a), based upon our review of the record, the evidence is insufficient to support a finding that the defendant purposely caused a breach of the peace, public inconvenience, annoyance or alarm. See RSA 626:2, II(a) (2016) ("A person acts purposely with respect to a material element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element."); cf. State v. Laponsee, 115 N.H. 56, 58 (1975) (holding that complaint alleging disorderly conduct was deficient for failing to allege that defendant acted with the conscious object of causing public inconvenience, annoyance or alarm).

Reversed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3